[No. 1599.  Decided February 20, 1895.]

THE STATE OF WASHINGTON, *Respondent*, v. HELEN GREER, *Appellant*.

HOMICIDE — KILLING BY POISON — OBJECTION TO VERDICT — ARREST OF JUDGMENT — REVIEW ON APPEAL — MISCONDUCT OF PROSECUTING ATTORNEY.

When the record upon appeal in a criminal case contains no statement of facts or bill of exceptions, every reasonable presumption must be invoked to aid the doings of court and jury, before the judgment and sentence will be reversed on account of errors shown by the transcript.

Under an information charging the defendant with the crime of murder in the first degree by the administration of poison, as defined in § 1 of the Penal Code, the defendant may be convicted of murder in the second degree, or of manslaughter, pursuant to the

provisions of § 1319, Code Proc., permitting conviction for an inferior degree when the offense consists of different degrees.

Where at the time a verdict in a criminal case is received the defendant is in court, and makes no objection to the form of the verdict and takes no exception to its reception by the court, it must be presumed, in aid of the judgment, that the defendant consents to the verdict, and error cannot be subsequently assigned on account thereof. (GORDON, J., dissents).

The hearing and denying of motions for a new trial and in arrest of judgment, may be had in the absence of defendant.

The misconduct of the prosecuting attorney or his deputy cannot be urged as error on appeal, unless the facts in relation thereto have been found by the lower court and made a part of the record by a statement of facts or bill of exceptions.

*Appeal from Superior Court, Spokane County.*

*W. T. Stoll,* and *S. P. Domer,* for appellant.

*James E. Fenton,* Prosecuting Attorney, and *L. H. Plattor,* for The State.

The opinion of the court was delivered by

HOYT, C. J.—The information in this case charged the defendant with the crime of murder in the first degree by the administration of poison. A verdict of murder in the second degree was returned by the jury, and after motion for new trial had been made and overruled, judgment was rendered thereon, and the defendant sentenced to imprisonment for the period of ten years. Thereafter a motion in arrest of judgment was made, and denied, and an appeal from the judgment and sentence prosecuted to this court.

Three assignments of error are relied upon: First, that the court erred because the verdict found the defendant guilty of a crime not charged in the information, and of which the defendant had no notice; second, that the court erred in hearing and denying appellant's motions for a new trial and in arrest of judgment in

the absence of the defendant; and, third, that the court erred in allowing the deputy prosecuting attorney to conduct himself in the presence of the jury, as is stated and set forth in the affidavits of Stoll and Domer.

The record upon appeal contains no statement of facts or bill of exceptions, by the aid of which the doings of the court and jury shown by the transcript can be interpreted. It follows that every reasonable presumption which can be indulged must be invoked to aid such doings before the judgment and sentence will be reversed on account thereof.

If the facts shown by the record would warrant us in entering into an investigation of the argument in reference thereto, the first assignment of error would present questions of importance for our decision. In such argument it is contended that, under the provisions of our statute, murder in the first degree by the administration of poison is a distinct statutory offense complete in itself and without any crime lesser than the principal one being included therein.

If the definition of this crime stood by itself, and had no connection with murder in the first degree as otherwise defined, there would be force in this contention. But murder in the first degree, however it may be committed, is the crime which is defined in the section which provides that one of the methods by which it may be committed is by causing the death of a person by the administration of poison. Such being the fact, there is no distinction between the crime of murder in the first degree when so committed and the crime of murder in the first degree when committed by other means. The language of the statute is that every person who shall kill another under certain circumstances shall be guilty of murder in the first degree, and there is no distinction as to the crime

growing out of the means employed for its commis-
sion. We are, therefore, of the opinion that the crime
set out in the statute is a single one and that, by what-
ever means it may have been committed, it includes
the crime of murder in the second degree and man-
slaughter, as thereafter defined in the statute. The
sections defining these crimes, when construed with
§ 1319 of the Code of Procedure, which provides that
"upon an indictment or information for an offense
consisting of different degrees, the jury may find the
defendant not guilty of the degree charged in the in-
dictment or information, and guilty of any degree
inferior thereto," authorized the verdict rendered in
the case at bar.

But the determination of this question is not neces-
sary to the decision of this case, for the reason that the
appellant is not in a position to raise it in this court.
The transcript shows that at the time the verdict was
received the defendant was in court with her counsel;
that she made no objection to the form of the verdict,
and took no exception to its being received by the
court. Under these circumstances, it will be presumed
in aid of the judgment that the defendant consented
to the verdict. If such verdict was received by her
consent or request, she cannot successfully assign error
on account thereof. The time has gone by when a de-
fendant, even in a criminal case, can secure a reversal
on appeal on account of a ruling by the trial court to
which he at the time gave his consent. Not only was
no objection made at the time the verdict was received,
but in the motion for a new trial thereafter made no
relief from the verdict was asked upon the ground that
the crime of which the defendant was thereby con-
victed was not charged in the information. Further,
it appears from the transcript that, after the overruling

of the motion for a new trial, the defendant was asked if she had anything to say why the judgment of the court should not be pronounced against her, and that she said nothing except to refer to what she had before said; that after such statement the court adjudged her guilty, in accordance with the verdict of the jury, and sentenced her to imprisonment; that no objection was made or exception taken to the action of the court in so doing; and that it was not until after all this had been done that the motion in arrest of judgment was filed, and for the first time the point now relied upon presented for the decision of the court.  Under these circumstances, such objection to the verdict, and the judgment and sentence thereon, furnishes no ground for a reversal by the appellate court.

As to the second error it is only necessary to say that in our opinion the motions for a new trial and in arrest of judgment were properly heard by the court in the absence of the defendant, and that, even if she had a right to be present, it was waived by the action of her counsel at the time the motions were heard.

The other assignment of error has nothing in the record on which it can stand.  It is founded upon certain allegations contained in an affidavit filed in the court below as to the conduct of the deputy prosecuting attorney in the course of his closing argument to the jury, and if therefrom we could assume that the conduct of such officer was as set out in such affidavit, there would be some foundation for the contention of the appellant that reversible error was committed by the court in allowing it.  It is probable, however, that we should not be so satisfied that the defendant had been injured by such statement that we should reverse the case on that account.  However that may be, there is nothing in the record to show that the prosecuting

attorney conducted himself as stated in the affidavit referred to. Before this court could take notice of such conduct, the facts in relation thereto must have been found by the court, and made a part of the record by a statement of facts or bill of exceptions. Without such finding it cannot be here assumed that the conduct of the deputy prosecuting attorney was as claimed by the appellant.

The judgment and sentence will be affirmed.

DUNBAR and SCOTT, JJ., concur.

ANDERS, J., concurs in the result.

GORDON, J.: I concur in the result, but not in what is said concerning the reception of the verdict. The verdict was regular in form, and was adverse to the defendant. She had a right to assail it upon motion for new trial as being "contrary to law and evidence," and such was her motion below.