[No. 1787.    Decided July 17, 1895.]

The State of Washington, *Respondent*, v. William Robinson, *Appellant*.

ACCESSORY TO MURDER — CONVICTION OF MANSLAUGHTER.

The legal character of the offense of manslaughter is such as to exclude the possibility of an accessory before the fact. Such offense consists in the unlawful killing of a human being "without malice" and hence does not admit of preconcerted design.

One charged as guilty of murder in the first degree as an accessory before the fact cannot be properly convicted of manslaughter, when the evidence shows he was not present at the commission of the homicide, and that, if guilty at all, it was in conspiring with others to procure the murder of the deceased. (Hoyt, C. J., dissents.)

*Appeal from Superior Court, Snohomish County.*

*George A. Allen*, and *Alex. Akerman*, for appellant.

*J. W. Heffner*, Prosecuting Attorney (*A. W. Hawks*, of counsel), for The State.

The opinion of the court was delivered by

Gordon, J.— Appellant was tried in the superior court of Snohomish county upon an information charging him with the crime of murder in the first degree, for the killing of George Schultz, on the 22d day of December, 1892. A verdict of manslaughter was returned by the jury, and a motion for a new trial having been overruled appellant was sentenced to imprisonment in the penitentiary for the term of eighteen years.

The case comes to this court upon his appeal from the judgment of conviction.

The record discloses that upon the trial below no attempt was made by the state to show that appellant was present at the time and place of the killing. On the contrary, it is conceded that at the time the homicide was committed appellant was serving as a juror in the superior court of the county at the city of Snohomish, distant some ten or eleven miles from the place where the homicide was committed; and the proof upon the part of the state was confined to an attempt to show that appellant had conspired with James Robinson, George Robinson, John White and John Livingstone to commit the crime, and that the killing was done by George Robinson and John Livingstone in pursuance of such conspiracy, the theory of the state being that the appellant was an accessory before the fact.

Sec. 1189, Code Proc., provides:

"No distinction shall exist between an accessory before the fact and a principal, or between principals in the first and second degree, and all persons concerned in the commission of an offense, whether they directly counsel the act constituting the offense, or counsel, aid and abet in its commission, though not present, shall hereafter be indicted, tried, and punished as principals."

It is contended by appellant's counsel that the evidence was insufficient to justify the conviction of manslaughter, and we think this contention must be upheld. It was conceded by the learned counsel for the state, upon the argument of the cause in this court, that if the information had charged no higher offense than manslaughter the evidence introduced would be incompetent to establish such crime. But he earnestly contends that inasmuch as the crime of murder in the

first degree is charged in the information in which the lesser offense of manslaughter is necessarily included, and inasmuch as the evidence was competent in support of the charge of murder, it was within the province of the jury, under § 1319, Code Proc., to find the defendant not guilty of the degree charged in the information and guilty of any degree inferior thereto. But with this contention we cannot agree. We think that § 1319, *supra*, contains but the usual provisions in force in all, or nearly all, of the states, and we have been cited to no case, nor have we found one in which a conviction for manslaughter has been sustained under circumstances similar to those disclosed by the record here. The offense of manslaughter from its legal character excludes the possibility of an accessory before the fact as an element in its composition. *Jones v. State*, 13 Tex. 168 (62 Am. Dec. 550) Tex. Cr. App. 92; *Bowman v. State*, 20 S. W. 558; *Boyd v. State*, 17 Ga. 194. Conspiring with another to kill a human being necessarily involves malice, whereas manslaughter is the "unlawful killing without malice," and does not admit of preconcerted design. The only offense which the evidence in this case tended to establish was murder in either the first or second degree, and the verdict which found appellant guilty of manslaughter was farcical and "contrary to law and the evidence." It was the duty of the jury, if they entertained a reasonable doubt of the appellant's guilt of the only crime which the evidence tended to prove, to acquit and "not compromise with that doubt by finding him guilty of a lower grade of offense." *State v. Mahly*, 68 Mo. 315.

The theory of manslaughter is unsupported by any evidence whatever, and such being the case it was improper to instruct the jury that they might find the

appellant guilty of manslaughter. *State v. Cole*, 63 Iowa, 695 (17 N. W. 183); *Dickerson v. State*, 48 Wis. 288 (4 N. W. 321); *State v. Cantieny*, 34 Minn. 1 (24 N. W. 458); *Foster v. People*, 50 N. Y. 598.

In *Boyd v. State supra*, the court say:

"Here the pleadings, it is true, put in issue the crime of manslaughter; for the indictment being for murder put in issue not only that offense, but every lower grade of homicide also, just as though there were a separate count for each. *But the evidence introduced going to the crime of murder only*, all the minor grades of homicide, although contained in the true bill, were, nevertheless, withdrawn or dropped, for want of proof in the issue finally submitted to the jury."

Such we think is the present case. The evidence, while proper to be passed upon by a jury in connection with the charge of murder in the first degree, became legally incompetent when considered with reference to the charge of manslaughter, a charge which admits of no accessories before the fact.

The case of *State v. Greer*, 11 Wash. 244 (39 Pac. 874), does not support the position of counsel for the state. The question presented here was not involved in the decision of that case, and there is a marked distinction between the cases. The indictment in the case of *State v. Greer* was for murder in the first degree in administering poison to the deceased. The conviction was for a lesser degree. None of the evidence upon the trial was brought to this court by bill of exceptions or statement of facts, the contention being that under the indictment a conviction could only be had of murder in the first degree. In the absence of the evidence or any sufficient statement of the circumstances relied upon for a conviction in that case, this court was unable to say that circumstances might not exist which would justify a conviction under the in-

dictment for homicide in one of the lesser degrees; as for instance, if the poison had been administered under circumstances amounting to criminal negligence, a conviction might properly follow for manslaughter. Here, however, the facts and circumstances relied upon for a conviction are not in dispute, and we think that the distinction between the cases is apparent.

The legal effect of the verdict in this case acquits the defendant of the higher degrees of homicide, and having concluded that the evidence is insufficient to justify a conviction for manslaughter, the judgment will be reversed and the cause remanded with instructions to discharge the appellant.

ANDERS and DUNBAR, JJ., concur.

HOYT, C. J. (*dissenting*).—The authorities all agree that a charge for murder in the first degree includes a charge of murder in the second degree and of manslaughter, and that an indictment for the first offense will support a conviction for either of the others. This is conceded in the opinion of the majority of the court.

Under our statute an indictment consists of a statement of the facts which constitute the crime, in ordinary and concise language. This being so, it must follow that a good indictment for manslaughter must state facts which under the law constitute manslaughter. Hence, if an indictment charging the crime of murder in the first degree will support a verdict of guilty of manslaughter, it must be because the facts which are therein alleged to have constituted the crime of murder in the first degree also include the facts which constitute the crime of manslaughter. The only reason which will warrant the courts in holding that an indictment charging murder in the first degree also includes a charge of murder in the second degree and

23—12 WASH.

manslaughter is that the unlawful taking of human life is manslaughter; that when such unlawful taking is coupled with malice it is murder in the second degree, and when such malice is premeditated it is murder in the first degree, and that the fact that malice either premeditated or unpremeditated exists in no manner detracts from the unlawfulness of the killing; for which reason every killing is held to be unlawful, and since every unlawful killing is manslaughter, the fact that other characteristics necessary to constitute a higher degree of homicide accompany the killing, in no manner takes from the act of killing those elements which make it manslaughter. The taking of human life, when not justifiable, is manslaughter at least, and when accompanied with malice is more than manslaughter. But the fact that when so accompanied it is more than manslaughter can in no manner take from it those elements which make it manslaughter. The whole is not only equal to but must include all its parts. Murder in the first degree is made up of an unlawful killing, coupled with premeditated malice. But the fact that premeditation and malice accompany the unlawful act of killing does not take from it its unlawful character. It must follow that whenever facts are charged which show the killing to have been with malice and premeditation, the fact is also charged that it was unlawful, and for that reason the fact of an unlawful killing is so set out that it will support a verdict of manslaughter.

The proposition above stated is not disputed by the authorities cited in the majority opinion, nor in that opinion, when considered simply as a question of pleading; but when it is considered as a question of proof it is held that killing with malice and premeditation in no degree tends to establish an unlawful kill-

ing simply. I am unable to see any reason for this distinction. An indictment must state the facts necessary to be established to constitute the offense, and if the facts stated in the indictment are proven to the satisfaction of the jury a verdict in accordance with such charge should be rendered. But if, as we have seen, an indictment for murder in the first degree is by all the courts held to be sufficient to support a verdict for manslaughter, it should in my opinion be also held that proof of the facts which are charged in an indictment for murder in the first degree would be sufficient to support a verdict of manslaughter. If, as a matter of pleading, the acts which constitute murder in the first degree include those which constitute the crime of manslaughter, it would seem that when the same acts are put in proof such proof would tend to establish the crime of manslaughter as well as that of murder in the first degree. In short, the statutes of this state and of all of the states which recognize degrees of crime in homicide and authorize a conviction for any of the lower degrees upon an indictment charging a higher, can be sustained only upon the theory that each higher degree consists of a lower degree and something more. For instance, the crime of manslaughter is the unlawful taking of human life; the crime of murder in the second degree is manslaughter — that is, the unlawful taking of human life — with an additional characteristic, but such characteristic in no manner detracts from the force of the other elements which without it would constitute the crime of manslaughter. Murder in the first degree includes manslaughter, with an additional characteristic which would make it murder in the second degree, and still another necessary to the crime of murder in the first degree. Hence, every murder

in the first degree is, under these statutes, manslaughter, and murder in the second degree and something more; murder in the second degree is manslaughter and something more. Upon any other theory an indictment for murder in the first degree would not support a verdict of manslaughter, for the reason that the constitution requires the facts constituting the crime to be set out in the indictment. And if, when it is alleged as a fact that the defendant killed a person with premeditation and malice, it is not also alleged as a fact that he unlawfully killed the man, within the meaning of the statute as to manslaughter, then a verdict of manslaughter would have no facts in an indictment for murder in the first degree upon which it could stand. This seems to me to be the reason of the rule which has grown up and become too well established to be now questioned, that a defendant can be convicted of one of the lower degrees of homicide upon an indictment charging a higher degree.

As I understand it, the case of *State v. Greer*, 11 Wash. 244 (39 Pac. 874), was decided by this course of reasoning and can be sustained on no other. The rule announced in the majority opinion in the case at bar is in direct opposition to this theory and, in my opinion, unsound. Beside, its practical application, when carried to its logical conclusion, will greatly embarrass the administration of the criminal law. If facts which tend to show that the taking of life was with premeditation and malice have no tendency to show that the crime of manslaughter has been committed, then, upon a conviction for manslaughter, where the indictment charged a higher degree of homicide, it will be the duty of the court to set aside such verdict, however much testimony there may be

which tends to show a premeditated and malicious killing, unless there is testimony which tends to show simply an unlawful killing, sufficient to support it without the aid of any testimony tending to show a higher degree of homicide.

It is a well known fact that juries are usually inclined to return verdicts for a less degree of homicide than those charged in the indictments, even when the most of the evidence has tended to establish the degree charged, and if every conviction of a lower degree is to be set aside where the testimony which tends to show that degree, without the aid of that which tends to show a higher, is not sufficient to support the verdict, the most of such verdicts must be set aside; and since the law probably is, as intimated by the majority; that the rendition of such a verdict is equivalent to a verdict of not guilty as to the higher degrees covered by the indictment, the result will be that but few of those who are really guilty of some degree of felonious homicide will be punished for the crime.

There is another ground upon which the veridict under consideration can be sustained. The proof tended as strongly to show that the object of the conspiracy was to prevent, by the use of unlawful means if necessary, the traveling of the road known as the "White road," by the persons who were killed, as that it was for the purpose of securing their death. Hence, for the purposes of this case, it should be assumed, if necessary to support the verdict of the jury, that they found that the conspiracy into which the defendant with others had entered was the doing of an unlawful act, and not the commission of murder; and while this would not relieve him from responsibility for all acts done in furtherance of the objects of the conspiracy, he would, under such a state of facts, be guilty of

murder in the first degree only when such acts resulted in a homicide of that grade; and as there was abundant testimony upon which the jury could have found the active participants in the execution of the objects of the conspiracy to have been guilty only of man-slaughter, it follows that the defendant could properly, under such testimony, be found guilty of manslaughter only.

In my opinion the verdict was supported by the proofs. The judgment and sentence should be affirmed.

SCOTT, J., dissents.