[No. 7030.   Decided January 15, 1908.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES McFADDEN, *Appellant*.[1]

CRIMINAL LAW—PARTIES—HOMICIDE—ACCESSORY TO MANSLAUGHTER.   Under Bal. Code, § 6782, abolishing all distinctions between an accessory before the fact and a principal, a person counseling and abetting a manslaughter may be indicted and punished as a principal.

HOMICIDE—MANSLAUGHTER—INFORMATION—SUFFICIENCY.   An information charging a physician with manslaughter in counseling and directing the withholding of food, save water and the juices of fruit, "and such other nourishment as he, the said C. McF. might direct," is insufficient in simply alleging that his directions were followed and the food given was insufficient to sustain life, since that

[1]Reported in 93 Pac. 414.

is in the nature of a conclusion; and it is necessary to set forth a specific statement of all his directions, showing the kind and quantity of nourishment directed to be given and that starvation was the necessary result.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered April 22, 1907, upon a trial and conviction of the crime of manslaughter. Reversed.

*S. G. & H. G. Cosgrove* and *Sturdevant & Bailey*, for appellant.

*Geo. H. Rummens*, for respondent.

HADLEY, C. J.—The defendant was charged with the crime of manslaughter. The information is very long and circumstantial in its allegations, but in substance it charges that the defendant represented to one Ida Robison that he was a physician; that the representations were made for the purpose of inducing her to believe that he was a skillful and qualified physician; that believing said representations and relying thereon, she employed him to treat her minor child, a daughter, of the age of about nine months; that she placed the child under the direction and supervision of the defendant to be treated by him as such physician; that he at once assumed the relation of physician toward the child, and that while so acting he prescribed and directed that the child should be given no food or nourishment save water and the juices of fruit, and such other nourishment as he might direct; that acting under such instruction, she thereafter withheld from the child all food and nourishment, except as directed by the defendant, for a number of days; that the food which was given under the defendant's direction was insufficient to sustain the life of the child, and she thereupon became weak and emaciated; that the mother became convinced that said treatment was not proper for the child and she thereupon gave the child a small quantity of wholesome food, which was beneficial and not detrimental to her health; that

she informed the defendant she had so given the food, and he thereupon remonstrated with her and assured her and led her to believe that the treatment he directed was necessary for the cure and relief of the child; that thereupon the mother again kept all food from the child, except as directed by the defendant, for a great number of days, and during all of said times she faithfully complied with all requests and instructions of the defendant in relation to the treatment of the child; but by reason of such treatment, so directed by the defendant, the child became weak, emaciated and starved; that the defendant was at all times grossly ignorant and unlearned in the proper and necessary treatment of diseases, and the treatment which he prescribed and directed for the child was grossly improper and dangerous to its life; that the child was during all said times under the care and direction of the defendant as aforesaid, and that on account of the treatment so administered and the withholding of food as alleged, the child died. A demurrer to the information was overruled, after which the defendant pleaded not guilty, and he was tried and convicted. He has appealed.

It is assigned that the court erred in overruling the demurrer to the information. It is urged that the facts alleged against appellant do not amount to a charge of manslaughter, for the reason that it was not appellant but the mother who withheld the food from the child. It is contended that the information shows that appellant did not assume to administer the food, but that the mother at all times did so, and that the real physical act which it is alleged caused death was that of the mother, the appellant being at the time not personally present but having advised the mother to do the act. It is argued that such facts can in no event amount to other than a charge that appellant was an accessory before the fact, whereas the authorities hold that there cannot be such an accessory to the crime of manslaughter. This court so held in *State v. Robinson*, 12 Wash. 349, 41 Pac. 51, 902. Our

statute, Bal. Code, § 6782 (P. C. § 2001), however, abolishes all distinctions between an accessory before the fact and a principal, and provides that "all persons concerned in the commission of an offense, whether they directly counsel the act constituting the offense, or counsel, aid and abet in its commission, though not present, shall hereafter be indicted, tried, and punished as principals." Under the said statute appellant may be, and is, charged here as a principal and not as an accessory. Manslaughter is defined by our statute, Bal. Code, § 7042 (P. C. § 1560), as follows:

"Every person who shall unlawfully kill any human being without malice, express or implied, either voluntarily upon a sudden heat, or involuntarily, but in the commission of some unlawful act, shall be deemed guilty of manslaughter."

The charge does not amount to that of killing "voluntarily upon a sudden heat," and if manslaughter is charged it is that of involuntarily causing death "in the commission of some unlawful act." The unlawful act charged is that of withholding food, not by his personal physical act but by counseling the mother to do it. His share in the offense was therefore that of counseling and advising the mother what to do. It then becomes vitally important, in order to put him upon trial for a felony, that just what he did advise must be charged. It is charged that he advised the giving of no food save water and the juices of fruit "and such other nourishment as he, the said Charles McFadden, might direct." There is no allegation as to what other nourishment he directed given, although it must be reasonably understood from the language that he did give other directions. It is alleged that the mother followed his directions and that the food given was insufficient to sustain life. But under such peculiar circumstances, that is the statement of a single extreme fact in the nature of a mere conclusion. In so important a matter where he is charged with involuntarily causing the death of a human being, he is entitled to a full and specific statement of what

the state claims were all of his directions as to the giving or withholding of food from time to time, including a statement as to every kind of nourishment directed, the quantity thereof, and when it was to be given. In short, such a connected chain of facts should be alleged as show starvation as the necessary and certain result of appellant's directions. Under the terms of Bal. Code, § 6840 (P. C. § 2093), he is entitled to "A statement of the acts constituting the offense, in ordinary and concise language, without repetition, and in such manner. as to enable a person of common understanding to know what is intended."

From the terms of the information it cannot be determined what food appellant ordered given, or withheld, or in what quantities. The information epitomized says that the child was starved by the withholding of food through appellant's advice; not all food but merely some kinds of food, without specifying what kinds or what quantities were directed or given. Such a statement of facts is not sufficient to show that appellant's directions caused the death of the child. We therefore think the demurrer to the information should have been sustained, and inasmuch as the judgment must be reversed for that error, it is unnecessary to discuss other questions mentioned in the briefs.

The judgment is reversed, and the cause remanded with instructions to sustain the demurrer to the information.

CROW, ROOT, and RUDKIN, JJ., concur.

MOUNT and FULLERTON, JJ., took no part.