[No. 22452.    Department Two.    July 15, 1930.]

The State of Washington, *Respondent*, v. Herbert G.
Hager, *Appellant*.[1]

P. L. Pendleton and W. G. Palmer, for appellant.

Bertil E. Johnson and Ray C. Roberts, for respond-
ent.

[1]Reported in 290 Pac. 230.

MAIN, J.—Herbert G. Hager, sixteen years of age, was charged by complaint, in the juvenile department of the superior court of Pierce county, with burglary in the second degree and grand larceny. Through his attorney, he demanded a jury trial. The court entered an order transferring the case "to the prosecuting attorney in and for the county of Pierce, state of Washington, for prosecution under the provisions of the criminal code." Thereafter an information was filed by the prosecuting attorney, which charged the defendant with burglary in the second degree in one count, and grand larceny in the other. The trial upon the information resulted in a verdict of guilty upon both counts. A motion for new trial was made and overruled. The defendant was sentenced upon each count to the reformatory at Monroe, the sentences to run consecutively. From the judgment and sentences, the defendant appeals.

Section 1987-12, which is one of the sections of Title XIII, chapter 7, Remington's Compiled Statutes, entitled "Delinquent Children and Juvenile Courts," provides that, when a child under the age of eighteen years is arrested and charged with a crime, the court, "in its discretion, may order such child to be turned over to the proper officers for trial under the provisions of the criminal code." There is nothing in the record in this case which would indicate that the trial court abused its discretion in transferring the charges against the appellant to the proper officers for trial as an ordinary criminal case.

The appellant's first assignment of error is that "the court erred in announcing the limit of a one day trial." After the case was called for trial and during the impaneling of the jury, the following occurred:

"BY THE COURT: I have just had a long distance call from Chehalis, and the attorneys in the case are to be on hand there tomorrow morning, and I have agreed to be there to hear the case. This case should be finished today so I can be down there tomorrow morning.

"MR. PENDLETON: There are nearly a dozen witnesses, your honor, and I don't see how the case can be finished today.

"THE COURT: All right, proceed with the matter and we'll see later how we get along."

The jury were sworn to try the case at about twelve o'clock noon, and the evidence offered by the state was concluded at 5 p. m., when the court took an adjournment to 7:30 p. m. During the evening session, the evidence offered by the appellant was received. On the following morning, the jury was instructed and the case was argued. No limit was placed upon the argument. After the statement above quoted was made, the court made no suggestion or request that the trial of the case be hastened or expedited. There is nothing in the remarks of the court which would indicate that the court expected undue haste in the trial of the case. The trial was not limited to one day, and the appellant was in no manner prejudiced by any restriction upon the time which he would have for the presenting of his evidence or the argument to the jury. The assignment of error is without merit.

It is also contended that error was committed in subpoenaing six of the jurors to appear in court at the time the motion for new trial was to be heard, in order that they, if they cared to do so, might make any statement to the court relative to an affidavit which they had signed which tended to impeach their verdict. After the affidavit was filed, the prosecuting attorney requested the court to issue subpoenas for the jurors to appear in court, and this request was granted. The

six jurors appeared in court, and the court stated that, if any of them had anything to say relative to the affidavit which they had signed, he would hear them, but that they were not required to make any statement. None of the jurors made any response, and nothing further was done about the matter. The trial court, owing to the nature of the affidavit, apparently thought it best to give the jurors that had signed it an opportunity to make any statement with reference thereto that they cared to make. This, of course, was subsequent to the time of the rendition of the verdict, and, as stated, was on the day when the motion for new trial was to be heard.

The appellant says that his constitutional rights were invaded because he was not present at the time. This was no part of the trial and the appellant was not required to be present. The situation is very similar to that when a motion for new trial is being heard, and it has been held that at such a time the presence of the accused is not necessary. *State v. Greer,* 11 Wash. 244, 39 Pac. 874.

It is further contended that the trial court erred in refusing to grant a new trial on the ground of what is called "undisclosed bias and prejudice," which the appellant says did not appear until after the trial was entered upon. A complete answer to this charge is that the record fails to show anything which would indicate bias or prejudice of any character on the part of the trial judge. Throughout the entire trial, that judge presided in the competent, fair and impartial manner which is so characteristic of him.

The appellant says that the court committed error in refusing to sustain the motion for a new trial, which was supported by affidavits and was resisted by counteraffidavits. Whether a new trial should have been granted by reason of the affidavits was a matter

which was largely in the discretion of the trial court, and in denying the motion there was no abuse of that discretion. In fact, after reading the affidavits, we are of the opinion that the trial court correctly denied the motion.

There are a number of other assignments of error, which are of minor importance, and to which it does not seem necessary here to specifically refer. It is sufficient to say that they have all been considered and in none of them do we find substantial merit.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.