[No. 30913. Department Two. July 7, 1949.]

THE STATE OF WASHINGTON, *Respondent,* v. LOYAL C. BIGGER, *Appellant.*[1]

[1]Reported in 208 P. (2d) 102.

*Tonkoff & Holst* and *Moe & Huse*, for appellant.

*James F. Wickwire* and *Nat W. Washington*, for respondent.

SIMPSON, J.—Defendant appeals from a conviction of attempted carnal knowledge of a minor. The information charged appellant with the crime of carnally knowing and abusing a girl of the age of eight years. The court instructed the jury that it could only consider the included crime of an attempt to commit the crime of carnal knowledge.

The evidence necessary to be stated is: Appellant is a married man, living in the town of Soap Lake. The prosecuting witness was of the age of eight years and lived with her mother in the same town. At one time, she lived in appellant's home. May 7, 1948, appellant saw the little girl on the street and invited her to ride with him in his automobile. She accepted, and the defendant drove some distance from town, stopped his car, and molested the girl with his finger. He then retraced his route and drove to a hill overlooking Soap Lake. At that place he partially disrobed and caused the girl to do the same. At this point in our narrative of the events, it seems necessary to set out the evidence relative to the acts of appellant as related by the child.

On direct examination, she testified:

"Q. Will you just go ahead now and tell the jury what happened when you stopped up there? A. Well, he fooled around with his finger; and then he fooled around with that thing. Q. What thing do you mean? A. I don't know. Q. What does he do with the thing you're talking about? A. Well, he tried to put it in where I go to the lavatory. Q. What did that—how did that feel? A. It didn't feel very good. Q. Did it hurt, too? A. Yes. Q. Did you say anything to him at that time? A. No. Q. Did he say anything to you that you remember? A. No. Q. When you talk about the 'thing', do you you mean the thing he goes to the toilet with too? A. Yes."

Her testimony on cross-examination was:

"Q. I say you know that no part of his body had touched yours or any part of yours, don't you? A. Yes, he did. Q.

What? A. Yes. Q. You know that don't you? A. Yes, he did. Q. Well, now, what portion of his body touched yours? A. Where he goes to the lavatory. Q. At that time you were sitting on his lap, were you? A. Yes. Q. And that was on top of the hill, I believe you said? A. Yes. Q. And you were there about how long? A. I don't know. Q. You have no idea how long you were there? A. No. Q. You did have an idea you were down on the other road about five minutes? A. Yes. Q. How much of him, or his person, entered your person, Katherine? A. (Hesitates.) Q. If you can tell. A. I don't know."

Appellant contends that the court erred in submitting to the jury the crime of attempted carnal knowledge. Appellant was charged with the violation of Rem. Supp. 1943, § 2436 [P.P.C. § 118-183], which makes it a crime for any male person to carnally know and abuse any female under the age of eighteen years, not his wife.

Rem. Rev. Stat., § 2437 [P.P.C. § 118-185], provides:

"Any sexual penetration, however slight, is sufficient to complete sexual intercourse or carnal knowledge."

In Rem. Rev. Stat., § 2263 [P.P.C. § 112-19], we find the following provisions:

"Upon the trial of an indictment or information, the defendant may be convicted of the crime charged therein, or of a lesser degree of the same crime, or of an attempt to commit the crime so charged, or of any attempt to commit a lesser degree of the same crime. Whenever the jury shall find a verdict of guilty against a person so charged, they shall in their verdict specify the degree or attempt of which the accused is guilty."

Appellant takes the position that the proof showed only the commission of the offense charged, and not that of an attempt to commit the included crime; and that, since the charge of the commission of a major offense was taken from the jury, that body had nothing to consider. In support of this argument, his counsel cite the following cases: *State v. Robinson*, 12 Wash. 349, 41 Pac. 51, 902; *State v. Bailey*, 31 Wash. 89, 71 Pac. 715; *State v. Kruger*, 60 Wash. 542, 111 Pac. 769.

In the *Robinson* case, the appellant was charged with murder and convicted of manslaughter. It was conceded that, at the time the homicide was committed, appellant was at a place ten or eleven miles distant. The proof of the state consisted of an attempt to show a conspiracy between appellant and four others to commit the crime of murder. In passing upon the question raised, this court stated:

"The offense of manslaughter from its legal character excludes the possibility of an accessory before the fact as an element in its composition. *Jones v. State*, 13 Tex. 168 (62 Am. Dec. 550), Tex. Cr. App. 92; *Bowman v. State*, 20 S. W. 558; *Boyd v. State*, 17 Ga. 194. Conspiring with another to kill a human being necessarily involves malice, whereas manslaughter is the 'unlawful killing without malice,' and does not admit of preconcerted design. The only offense which the evidence in this case tended to establish was murder in either the first or second degree, and the verdict which found appellant guilty of manslaughter was farcical and 'contrary to law and the evidence.' "

In the *Bailey* case, we simply held that where there is no evidence to support the lesser offense named, the trial court may not be said to have committed error in failing to instruct the jury that they could return a verdict of guilty of the included offense.

In the *Kruger* case, defendant was charged with assault to commit the crime of rape and convicted of assault in the third degree. The evidence produced by the state showed a consummated rape, while that of the defendant proved an alibi. This court held that the evidence was insufficient to sustain the verdict rendered, and ordered the defendant discharged.

It is quite evident that the cited cases have no bearing upon the situation as presented in the case at bar. It does not appear in those cases that acts, or series of acts, justified the conclusion of guilt of the lesser crime which was contained in the information.

 In the present case, the evidence given by the little girl does not directly prove the commission of the crime charged, in that it does not show penetration. Her evidence,

especially that given on cross-examination, distinctly shows that appellant attempted to commit the crime of carnal knowledge.

Appellant also calls our attention to the case of *Marley v. State*, 58 N. J. L. 207, 33 Atl. 208. In that case, defendants were charged with the crime of incurring obligations on behalf of the county in excess of the appropriation and limit of expenditure provided by law. The trial judge instructed the jury that, under the evidence, the defendants could not be convicted of having incurred the obligations. He then instructed the jury that they could consider the crime of an attempt to incur the obligation. The supreme court held that the jury could not legally convict of an attempt without first finding that the defendants were not guilty of the crime charged in the indictment.

The holding of the supreme court of New Jersey is persuasive but, of course, not binding upon us. There is no indication in our statute that, before a jury can find a defendant guilty of an attempt to commit a crime, they must first find that the defendant was not guilty of the offense charged in the information. The jury is entitled to find in a proper case that a defendant is guilty of an attempt to commit the crime charged. By the very act of rendering such a verdict, the jury indicates its determination that the evidence did not prove the charge of the greater offense.

The action of the trial court in this case in taking away from the jury the consideration of the crime charged could not, and did not, in any way affect the right of the jury to consider the included offense of an attempt to commit the crime.

Appellant next complains of the court's action in giving instruction No. 8, on the ground that there was no evidence in the record which justified the giving, inasmuch as the charge of the completed crime had been taken from the jury. Instruction No. 8 contained the provisions of Rem.

Rev. Stat., § 2437, which we have set out in this opinion. It was necessary to give the instruction in order to inform the jury of the crime charged, so that they could ascertain whether or not an attempt had been made to commit the crime included in that charged in the information. In any event, the instruction was not harmful to appellant. It was, at the most, merely surplusage.

The next challenge is to the refusal of the court to give proposed instructions Nos. 17 and 18.

"Defendant's Proposed Instruction No. 17.

"I instruct you that, if you find from the evidence that Katherine Thompson was possessed of some motive, fanciful or otherwise, which inspired her to make a complaint against the Defendant which resulted in the prosecuting of the defendant and that the testimony of the said Katherine Thompson was given pursuant to a motive, fanciful or otherwise, and that a substantial part of the testimony supporting the essential elements of the crime charged is false or untruthful, then and in that event, I instruct you to acquit the defendant."

"Defendant's Proposed Instruction No. 18

"It is admitted by Katherine Thompson that, upon being reprimanded by Mrs. Garrick, her Mother, said Katherine Thompson made a complaint to her which resulted in the prosecution of the charge against the Defendant.

"In this connection, I instruct you that, if you find from the evidence that the reprimand mentioned and administered and that only inspired the said Katherine Thompson and resulted in the giving of her testimony concerning the charge against the Defendant, then and in that event, I instruct you to acquit the Defendant."

■ We find the substance of these proposed instructions included in the court's instruction No. 14. That instruction is the usual one given to the jury relative to the manner in which it may ascertain the credibility of the witnesses, and the weight to be given their testimony, and it was, to our minds, entirely sufficient to inform the jury that it must consider the evidence mentioned in the proposed instructions.

It is our conclusion that the evidence produced proved the defendant guilty; that he had a fair and impartial trial; and that no error was committed.

The judgment is accordingly affirmed.

JEFFERS, C. J., ROBINSON, SCHWELLENBACH, and GRADY, JJ., concur.

September 1, 1949. Petition for rehearing denied.

[1]Reported in 208 P. (2d) 123.