[No. 3261-2. Division Two. May 18, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM PAT WHITEMAN, *Appellant.*

*Gordon Reynolds, Public Defender,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* for respondent.

SOULE, J.—Defendant was charged with, and convicted of, grand larceny by possession under RCW 9.54.010 and

9.54.090.[1] He appeals, assigning as error a statement by the trial judge which he asserts had the effect of coercing the jury to reach a verdict. We find the defendant's contention to be without merit.

The words urged as being coercive are:

> Good news and bad news. The good news is that you are not going to have to come back Tuesday. Guess what the bad news is. We are going to finish this tonight. This will save you time and save the county money and you are taxpayers, so you should by happy.

The circumstances giving rise to the remarks are that the trial was started on Thursday afternoon, July 14, 1977. It was anticipated that 2 full days would be required for the trial and the jury was so advised during its impaneling. Because the time of the trial judge was already committed on the following Monday, the jury was told that they would be asked to return on Tuesday to complete the case. The presentation of evidence went much more rapidly than anticipated. On Friday, July 15, the State rested about 3 p.m. A recess was taken during which the court was informed that the defendant would not testify and that the defense witness, a Mr. Lutes, would be very brief, a matter of a few minutes. Thereupon, in the absence of the jury but in the presence of defendant and counsel, the court said:

> Tell you what we will do. Have Mr. Lutes testify, we will take a recess so these jurors can scramble for telephones if they want to. If they have made arrangements, tell them to make their calls. It will only take ten minutes to get the instructions ready then. All right, bring in the jurors.

The jury then returned and in the context of the surprisingly early termination of the case, the court said:

> Good news and bad news. The good news is that you are not going to have to come back Tuesday. Guess what the bad news is. We are going to finish this tonight. This will save you time and save the county money and you

---

[1]The criminal conduct occurred between September and December of 1975. The information was filed November 19, 1976.

are taxpayers, so you should be happy. *I am going to give you a short recess. Anybody that has to make phone calls, has made other arrangements, go ahead, you are free to do it. We will shoot for 3:40 to start again. Okay?* (Italics ours.)

By omitting the italicized language in presenting his assignment of error, defendant's counsel seriously distorted the context of the statement. In these circumstances, we find that *State v. Darnell,* 14 Wn. App. 432, 542 P.2d 117 (1975), contains a particularly pertinent passage. At page 437 the court quoted with approval from a publication of the American Bar Association Journal:

> [P]artisan advocacy is a form of public service so long as it aids the process of adjudication; it ceases to be when it hinders that process, when it misleads, distorts and obfuscates, when it renders the task of the deciding tribunal not easier, but more difficult.
> *Professional Responsibilities: Report of the Joint Conference,* 44 A.B.A.J. 1159, 1162 (1958).

In the full context of the remarks and the trial situation, it is obvious that, rather than coercing the jury to reach a verdict, the court was simply advising the jury that its deliberations would begin that afternoon instead of the following Tuesday.[2]

At this point in the trial, the court was not instructing the jury and even if it be assumed that the remarks had an informal instructional component, those remarks did not tell the jury that it had to reach a decision, *Jenkins v. United States,* 380 U.S. 445, 13 L. Ed. 2d 957, 85 S. Ct. 1059 (1965); did not refer to the consequences of the failure of the jury to agree, *cf. United States v. Harris,* 391 F.2d 348 (6th Cir. 1968); did not threaten a marathon deliberation nor did the court exhort a minority to surrender their

---

[2]It is permissible for the court to advise the jury of the estimated length of a trial. *State v. Hager,* 157 Wash. 664, 666, 290 P. 230 (1930). *See also State v. Tyler,* 77 Wn.2d 726, 737, 466 P.2d 120 (1970), *vacated as to imposition of death sentence,* 408 U.S. 937, 33 L. Ed. 2d 756, 92 S. Ct. 2865 (1972).

conscientiously held views, or even suggest that the minority reconsider its votes, *United States v. Cheramie,* 520 F.2d 325 (5th Cir. 1975); *United States v. Amaya,* 509 F.2d 8 (5th Cir. 1975); and did not impose a coercive specific deadline which improperly asked the jury to return a verdict by a specific time. *Burroughs v. United States,* 365 F.2d 431 (10th Cir. 1966). By no reasonable interpretation of the judge's remarks can it be concluded that the judge told the jury that they must decide the case before the night had ended. Only by quoting but a portion of his statement can such an argument be supported.

Even remarks addressed to a jury by way of a supplemental instruction after the jury has retired, which remarks are designed to encourage the jury to reach a verdict, are not necessarily erroneous. *Allen v. United States,* 164 U.S. 492, 41 L. Ed. 528, 17 S. Ct. 154 (1896); *State v. Parker,* 79 Wn.2d 326, 485 P.2d 60 (1971); *State v. Thomas,* 63 Wn.2d 59, 385 P.2d 532 (1963).[3]

When it is alleged that supplemental instructions are in excess of the *Allen* limits, the reviewing court examines not only the language of the additional instruction but also the facts and circumstances which form the context of the judge's remarks. *United States v. Cheramie, supra.*

When viewed in the perspective of the trial the remarks under consideration here, measured by the standards applied to instructions whether original or supplemental, are not coercive and we find no fault in them.

The judgment is affirmed.

PEARSON, C.J., and REED, J., concur.

Reconsideration denied September 7, 1979.

Review denied by Supreme Court November 30, 1979.

---

[3]CrR 6.15(f)(2) now prohibits giving a *supplemental* instruction of the *Allen* type *after* the jury has begun its deliberation. However, an instruction on the subject of the jurors' duty to consult with one another may be given with the court's other instructions. *See* WPIC 1.04. *See also State v. Faucett,* 22 Wn. App. 869, 593 P.2d 559 (1979).