(No. 5557. Decided July 18, 1905.)

THE STATE OF WASHINGTON, *Respondent*, v. ANGUS J. McPHAIL, *Appellant*.[1]

CRIMINAL LAW—HOMICIDE—INSANITY—EVIDENCE—PREVIOUS EN-COUNTER—REBUTTAL TESTIMONY REFLECTING ON CHARACTER—OBJEC-TIONS. In a prosecution for murder, where the testimony of the accused supports a plea of insanity, superinduced by a blow on the head received six months previously in an encounter with a third person, evidence in rebuttal, offered to show the nature and extent of such injuries, is not objectionable as tending to prove the bad character of the accused, although unnecessary details of the trouble were received in evidence under one general objection that it was not proper rebuttal; since the evidence was strictly in rebuttal and competent for the purpose offered.

CRIMINAL LAW—TRIAL—INSTRUCTIONS—PROVINCE OF JURY—SPE-CIFIC REQUEST. An instruction that the jury are judges of the credibility of the witnesses and the weight of the evidence, is proper and sufficient, in the absence of any specific request for an instruction that they are the "sole judges of the facts."

SAME—INSTRUCTIONS—TRIAL—WITHDRAWAL OF ISSUE AS TO LESSER DEGREE OF OFFENSE—COMMENT ON FACTS—WANT OF EVIDENCE. In a prosecution for murder in the first degree, an instruction to the jury that there is no evidence in the case to support a verdict of manslaughter, is not an unlawful comment on the facts, in violation

1Reported in 81 Pac. 683.

of Const. art. 4, § 16; since the determination of the issues raised in a cause, and whether there is any evidence in support thereof, are questions of law and not of fact.

SAME — INSTRUCTIONS AS TO MANSLAUGHTER ON PROSECUTION FOR MURDER—NO EVIDENCE OF LESSER OFFENSE. In a prosecution for murder in the first degree, the court is not required to give any instructions upon the lesser offense of manslaughter, where there is no evidence on which to base such an instruction.

SAME—EVIDENCE OF MANSLAUGHTER—DEFENSE OF INSANITY. In a prosecution for murder in the first degree, there is no evidence that the accused was guilty of manslaughter, as defined by the statute, where it appears that he had ill feeling and had made threats against deceased, a rival in business, and after being in his place over an hour, without any apparent provocation, shot deceased in the back, inflicting a mortal wound, there being no defense except insanity.

Appeal from a judgment of the superior court for Snohomish county, Denney, J., entered December 26, 1903, upon a trial and conviction of murder in the first degree. Affirmed.

*Hathaway & Alston,* for appellant.

*J. W. Hartnett,* for respondent.

RUDKIN, J.—The appellant was convicted of the crime of murder in the first degree, and from the judgment and sentence of the court, this appeal is prosecuted. It appears that the appellant and the deceased were rivals in the saloon business, at the town of Darrington, in Snohomish county. The appellant opened the first saloon in the town, and the competition caused by the saloon afterwards opened by the deceased curtailed the appellant's business, to such an extent as to cause considerable ill feeling on his part toward the deceased. On one or more occasions prior to the homicide, the appellant abused the deceased in public, called him vile names, and made threats of a more or less direct nature against him. On the 10th day of May, 1903, the appellant packed up his belongings with the intention of leaving the town. About 3:00 o'clock of that day, he repaired to the

saloon of the deceased, accompanied by those who had been assisting him in packing up. After he had been in the saloon about an hour and a half, without any apparent provocation, he shot the deceased in the back, over the bar, inflicting a mortal wound, from which the deceased expired almost immediately. After firing the fatal shot, the appellant stepped around the end of the bar and fired a second shot in the direction of the prostrate form of the deceased. Counsel for appellant insist that there is a conflict in the testimony as to the firing of the second shot, but a careful reading of the evidence discloses no such conflict, if the fact be at all material. After the homicide, the appellant emptied two discharged shells and three loaded ones from his revolver, upon the floor, threw the revolver under a row of barrels in the saloon, and left the place. Some hours later he returned to the house where he had been stopping and was there apprehended.

We will now consider the various errors assigned in the order in which the rulings occurred at the trial.

(1) It is assigned as error that the court admitted evidence tending to prove the bad character of the appellant, although the appellant did not take the witness stand or put his character in issue. While the appellant interposed the general plea of not guilty, all the testimony offered in his behalf tended to establish the defense of insanity. It was claimed on the part of the appellant that he was insane at the time of the homicide, and that such insanity was superinduced, in part at least, by blows which he had received on the head some six months before, in an encounter with one Gallagher. In rebuttal the state offered testimony tending to show the nature and extent of the injuries inflicted upon the appellant in such encounter, but disclaimed any right to prove anything beyond this. It is true, the witnesses went into the details of the trouble between the appellant and Gallagher further than was necessary for that purpose, but the only objection interposed was the general one that

the testimony was not proper rebuttal. This testimony was clearly competent for the purpose for which it was offered, and was strictly in rebuttal of the defense interposed by the appellant. There was no error in this ruling.

(2) The court instructed the jury as follows: "You are the judges of the credibility of the witnesses and the weight to be attached to the testimony of each and all of them." The appellant contends that the jury should have been instructed that they were the sole judges of the facts. The charge given was correct as far as it went, and if the appellant desired a more specific charge, or a charge in the language of the statute, he should have requested it. There was no error in the charge as given.

(3) The court further instructed the jury that they might find the appellant guilty of murder in the first degree, guilty of murder in the second degree, or not guilty; but that there was no evidence in the case to support or justify a verdict of guilty of manslaughter. Counsel for appellant earnestly insist that this instruction was a comment on the facts, in violation of art. 4, § 16, of the state constitution, which provides that, "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

It seems to us that counsel labor under an entire misapprehension as to the purpose and effect of this constitutional provision. It relates only to the manner of conducting trials and submitting questions of fact to juries, and does not limit the power of the courts in the determination of questions of law. In this, as in all other jurisdictions, the court must determine the issues to be submitted to the jury from the pleadings and proofs, and in making such determination it decides matters of law and not matters of fact. If the court improperly withdraws an issue from the consideration of the jury, its ruling is erroneous, not because it is a comment on the facts, or a charge with respect to matters of fact, in violation of the provision quoted, but because it deprives

the parties of a trial by jury, in violation of section 21 or section 22 of art. 1 of the constitution, which provide that the right of trial by jury shall remain inviolate, and that in criminal prosecutions the accused shall have a speedy public trial by an impartial jury.

The provision upon which counsel rely applies to both civil and criminal cases, and, if they are correct in their contention, this court has been in error throughout its entire existence in holding that whether there is any testimony to support a cause of action or a defense presents a question of law for the determination of the court, and not a question of fact for the jury. The position taken by counsel is that the trial court must submit every issue raised by the pleadings to the jury, regardless of the state of the testimony or the absence of all testimony. This contention finds no support in our constitution or elsewhere, and cannot prevail. It is true, Bal. Code, § 6955, provides that,

"Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto, or of an attempt to commit the offense;"

but similar statutes exist in the United States, and in all the states, and the decisions are practically uniform to the effect that a defendant can only be convicted of a lesser degree, or of an attempt, when there is testimony to sustain such a conviction. The information before us charges the the crime of assault, and assault and battery, but it would be an anomaly to hold that insanity excused the homicide but did not excuse the assault or the battery which was the direct and proximate cause of the homicide. The rule on the subject under consideration i thus stated in 11 Ency. Plead. & Prac., p. 211:

"On a criminal prosecution, it is not necessary for the court of its own motion, or on request, to instruct as to the lower grades of crime involved, where there is no evi-

dence on which to base such an instruction. The giving of such an instruction is not only unnecessary but improper." This rule is fully sustained by the authorities. *Sparf v. United States,* 156 U. S. 51, 15 Sup. Ct. 273; *Andersen v. United States,* 170 U. S. 481, 18 Sup. Ct. 689; *Davis v. United States,* 165 U. S. 373, 17 Sup. Ct. 360. The last case cited is very similar to the case at bar. In stating the facts, Mr. Justice Brewer says:

"The principal defence presented on this trial, as on the former, was insanity. Indeed the circumstances of the homicide were such as to preclude any other. The deceased, peacefully at work, unarmed and making no demonstrations against the defendant, was shot and killed by the latter, and this in consequence of a dispute more than a week old. The act thus done, if done by a man fully responsible for his actions, was unquestionably murder in the first degree."

And on the refusal of the court to instruct as to manslaughter the court says:

"The last instruction asked was in reference to manslaughter. But under the evidence, there was no occasion for any statement of the law on this. There was no testimony to reduce the offence, if any there was, below the grade of murder. If the defendant was sane and responsible for his actions there was nothing upon which any suggestion of any inferior degree of homicide could be made, and therefore the court was under no obligation (indeed it would simply have been confusing the minds of the jury) to give an instruction upon a matter which was not really open for their consideration."

To the same effect, see, *Foster v. People,* 50 N. Y.598; *People v. Barry,* 90 Cal. 41, 27 Pac. 62; *People v. McNutt,* 93 Cal. 658, 29 Pac. 243; *Clark v. Commonwealth,* 123 Pa. St. 555, 16 Atl. 795; *State v. Lane,* 64 Mo. 319; *McCoy v. State,* 27 Tex. App. 415, 11 S. W. 454; *State v. McKinney,* 111 N. C. 683, 16 S. E. 235; *Jones v. State,* 52 Ark. 345, 12 S. W. 704; *McClernand v. Commonwealth,* 11 Ky. Law 301, 12 S. W. 148; *O'Brien v. Commonwealth,* 89 Ky. 354, 12 S. W. 471; *State v. Estep,* 44 Kan. 572,

24 Pac. 986; *Robinson v. State,* 84 Ga. 674, 11 S. E. 544; *State v. Cole,* 63 Iowa 695, 17 N. W. 183.

As heretofore stated, there is nothing in our constitution rendering these decisions inapplicable in this state. Our own decisions are in harmony with the cases cited. In *State v. Dolan,* 17 Wash. 499, 50 Pac. 472, and *State v. Young,* 22 Wash. 273, 60 Pac. 650, the court held that it was error to refuse to submit to the jury the inferior degrees of the crime charged, but in each case there was testimony to sustain a verdict for such inferior degrees. In *State v. Bailey,* 31 Wash. 89, 71 Pac. 715, a prosecution for a rape, the court held that it was not error to fail to instruct the jury that they might find the defendant guilty of assault, or assault and battery, because there was no testimony tending to support these lesser offenses. The court cited with approval from *State v. Wood,* 124 Mo. 412, 27 S. W. 1114,

"There was nothing in the evidence calling for an instruction on the lower grade for an assault to kill, . . . and under such circumstances the court should not invite the jury to find for a lower grade than is made by the evidence."

Was there any testimony in this case tending to prove that the defendant was guilty of manslaughter? Manslaughter is defined by our statute as the unlawful killing of a human being, without malice, express or implied, either voluntarily upon a sudden heat, or involuntarily but in the commission of some unlawful act. All the facts in relation to the homicide are stated above, and there is not the slightest testimony of any kind in justification or mitigation. The appellant was either insane, or he was guilty of murder in the first or second degree, and the court committed no error in so charging.

In concluding this branch of the case we will only add that, if there is any testimony tending to prove the inferior degrees of the crime charged in the information, the court must submit such inferior degrees to the jury by proper

instructions; but if there is no testimony tending to prove the commission of any of the lesser crimes charged, the court is not required to submit such lesser crimes to the jury, and commits no error in its refusal so to do. A party has no constitutional right to a compromise verdict which is not supported by any testimony. Indeed, in *State v. Robinson*, 12 Wash. 349, 41 Pac. 51, 902, a prosecution for murder, it was held, that under the facts there presented, the defendant was guilty of murder or not guilty, and that a verdict for manslaughter was not supported by any testimony and was tantamount to a verdict of not guilty. The defendant was accordingly discharged.

In answer to the contention that, if the court may withdraw one degree of the crime from the jury, it may withdraw all and direct a verdict of guilty, we need only repeat the language of Judge McCrary, in *United States v. Taylor*, 3 McCrary 500, approved by the supreme court of the United States in *Sparf v. United States, supra:*

"In a civil case, the court may set aside the verdict, whether it be for the plaintiff or defendant, upon the ground that it is contrary to the law as given by the court; but in a criminal case, if the verdict is one of acquittal, the court has no power to set it aside. It would be a useless form for a court to submit a civil case involving only questions of law to the consideration of a jury, where the verdict, when found, if not in accordance with the court's view of the law, would be set aside. The same result is accomplished by an instruction given in advance to find a verdict in accordance with the court's opinion of the law. But not so in criminal cases. A verdict of acquittal cannot be set aside; and therefore, if the court can direct a verdict of guilty, it can do indirectly that which it has no power to do directly."

Counsel for respondent insists that the appellant was not prejudiced by the refusal of the court to submit the question of manslaughter to the jury, inasmuch as the jury returned a verdict of guilty of murder in the first degree; whereas the jury might have returned a verdict in the sec-

ond degree, had they been so inclined. There is great force in this contention, but we prefer to rest our decision upon the ground upon which it was based in the court below.

The only remaining error discussed was the order denying appellant's motion for a new trial. In so far as the motion for a new trial was based on the rulings already discussed, it was properly denied. The only other question presented in support of the motion is the sufficiency of the evidence to sustain the verdict. As already stated, the only substantial issue presented at the trial was the sanity or insanity of the appellant. The jury reached the conclusion that he was sane and responsible for his acts, and there is no apparent reason why this court should interfere with their verdict, which is supported by ample and competent testimony.

Finding no error in the record the judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, CROW, ROOT, and DUNBAR, JJ., concur.