[No. 6974. Decided April 13, 1908.]

THE STATE OF WASHINGTON, *Respondent*, v. FRED CLEM, *Appellant*.[1]

INDICTMENT AND INFORMATION—LESSER DEGREES OF OFFENSE—LARCENY. Upon a charge of larceny from the person, defendant may be convicted of petit larceny, as the same is but a lesser degree of the same offense.

TRIAL—MISCONDUCT OF COURT—COMMENT ON EVIDENCE. The repetition by the court of a statement by a witness, for the purpose of further explanation from counsel, is not unlawful comment on the evidence.

APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS AND EXCEPTIONS. Unlawful comment on the evidence by the court, to which no objection was made or exception taken below, cannot be objected to for the first time in the appellate court.

CRIMINAL LAW—EVIDENCE—GOOD CHARACTER—RELEVANCY. It is not error to restrict the examination of the accused as to particular matters concerning his previous occupations for the purpose of establishing good character, where accused had been allowed to state the same generally and go as far as circumstances required.

SAME. Evidence offered by the accused concerning his family and of whom it consisted is properly excluded when it would only distract the attention of the jury from the issue.

[1]Reported in 94 Pac. 1079.

18—49 WASH.

SAME—APPEAL—REVIEW. The appellate court is not warranted in setting aside a conviction for insufficiency of the evidence where there was substantial evidence of appellant's guilt.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 21, 1906, upon conviction of the crime of petit larceny, after a trial upon an information charging the crime of larceny from the person. Affirmed.

*James L. Crotty, William C. Keith,* and *Longfellow & Fitzpatrick,* for appellant.

*Kenneth Mackintosh,* for respondent.

FULLERTON, J.—The appellant was informed against for the crime of larceny from the person, the charging part of the information being as follows:

"He, the said Fred Clem, in the county of King, state of Washington, on the 16th day of October, A. D. 1906, did then and there wilfully, unlawfully and feloniously, and without violence or putting in fear one Andrew Hughes, from the person of said Andrew Hughes, twenty-five dollars ($25) in lawful money of the United States, one pocket book of the value of fifty cents (50c), and one watch and chain of the value of five dollars ($5), all of the total value of thirty dollars and fifty cents ($30.50) in lawful money of the United States, the property of said Andrew Hughes, take, steal and carry away."

At the trial the jury returned a verdict against him for petit larceny, on which he was adjudged guilty by the court and sentenced to a term of six months in the county jail. From the judgment and sentence he appeals.

It is objected that the court erred in denying the appellant's motion in arrest of judgment, based on the ground that the crime of petit larceny is not included in the charge contained in the information, but we think this objection untenable. To feloniously take from the person of another the goods of that other and carry the same away, has always been

a crime, punishable as either grand or petit larceny. There-
fore when the legislature defined and made punishable the spe-
cific act of feloniously taking property from the person it did
not create a new offense; it but recognized that there were
degrees in larceny, some of which were deserving of more se-
vere punishment than others, and sought to regulate the pun-
ishment in proportion to the offense. Larceny from the per-
son, grand larceny, and petit larceny are for this reason but
different degrees of the same crime, and are properly included
in an information charging the higher offense, and being so,
it is, of course, proper for the jury, on an information charg-
ing the higher offense, to find the accused guilty of any one
of the lesser offenses that the facts proven will warrant.

It is further assigned that the court commented upon the
testimony to the prejudice of the appellant. An examination
of the record, aside from disclosing that the court merely re-
peated a statement made by a witness upon the stand for the
purpose, apparently, of having a further explanation from
counsel, shows that no objection was made or exception taken
to the remark when made, and even if we found the remark
error, which we do not, it could not be objected to for the
first time in this court.

It is next assigned that the court erred in excluding certain
evidence. The evidence rejected related to the prior occupa-
tion of the appellant. The court permitted him to state gen-
erally what his previous occupations had been, and sustained
objections thereto only when inquiries were made as to par-
ticular matters concerning such occupations. This evidence
was admissible, if admissible at all, only because it tended to
establish the appellant's good character, and we think the
court went as far in that direction as the circumstance re-
quired. Neither was it error to sustain objections to ques-
tions concerning his immediate family and of whom it con-
sisted. These questions could but distract the attention of the
jury from the real inquiry and in no wise enlighten them as
to the guilt or innocence of the appellant.

It is finally contended that the evidence is insufficient to justify the verdict. But on this question there is substantial evidence tending to show the appellant's guilt. True, the evidence is contradicted, and a very plausible explanation is given of the incriminating circumstance that a part of the stolen property was found upon his person, but the question of guilt or innocence was for the jury and trial court, and inasmuch as they agree upon the guilt of the accused, this court has no lawful warrant to interfere.

The judgment is affirmed.

HADLEY, C. J., CROW, MOUNT, and ROOT, JJ., concur.