[No. 9065. Department Two. November 22, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTHUR KRUGER, *Appellant.*[1]

INDICTMENT AND INFORMATION — LESSER OFFENSE INCLUDED IN CHARGE—DEGREE OF ASSAULT—STATUTES—CONSTRUCTION. Under Rem. & Bal. Code, § 2415, providing that every person who shall commit an assault or an assault and battery not amounting to assault in either the first or second degrees, shall be guilty of assault in the third degree, an assault in the third degree is not necessarily included in the greater offense, and there can be no conviction of assault in the third degree, under a charge of assault with intent to commit a felony (second degree assault), where the evidence of the prosecutrix showed a consummated rape, and that of the defendant proved an alibi, and there was no evidence of assault in the third degree.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 16, 1910, upon a conviction of assault in the third degree, after a trial upon an information charging assault in the second degree. Reversed.

*Crawford E. White* and *F. D. Couden,* for appellant.

*George F. Vanderveer, W. H. White,* and *John F. Murphy,* for respondent.

[1]Reported in 111 Pac. 769.

CHADWICK, J.—Appellant was charged with the crime of assault in the second degree. The charging part of the indictment is as follows:

"He the said Arthur Kruger, on the 16th day of January, A. D. 1910, in the county of King, state of Washington, aforesaid, did wilfully, unlawfully, and feloniously assault one Alma Langstrom, with intent then and there to commit the crime of rape."

The testimony of the prosecuting witness, if believed, shows a consummated rape. Appellant's evidence tends to prove an alibi. The complainant also testified that, on two or three occasions, appellant had robbed her of money. This evidence was introduced and limited by the court to the question of identification of the appellant, the rape having occurred, if at all, at about midnight on January 16, and in an open field. The court submitted to the jury, as an included crime, assault in the third degree, and of this appellant was found guilty. Section 162, chapter 249, Laws of 1909, page 936 (Rem. & Bal. Code, § 2414), defines an assault in the second degree, in so far as it is pertinent to our present inquiry, to be an assault with an intent to commit a felony. Assault in the third degree is defined as follows:

"Every person who shall commit an assault or an assault and battery not amounting to assault in either the first or second degrees, shall be guilty of assault in the third degree." Rem. & Bal. Code, § 2415.

It is unnecessary to detail the testimony. Suffice it to say that the evidence on the part of the state shows, as we have said, the consummated crime of rape. There is no evidence whatever of an assault in the third degree. Appellant was guilty as charged, or he was not guilty. The evidence leaves no zone of speculation or room for compromise. But it is contended that assault in the second degree includes assault in the third degree, and that the court was warranted is submitting that crime to the jury, and that the verdict was sustained. It is true that the greater includes the less, but the

defendant is not guilty of either unless the testimony brings him within the definition of a crime. It was never the intent of the law to submit a possible verdict upon a so-called included crime because included in law. It must be included in fact, and by the facts of the particular case. The question is not a new one. In *State v. Robinson*, 12 Wash. 349, 41 Pac. 51, 902, it was held that the defendant, if guilty at all, was guilty of murder in the first degree, and that he could not be held upon conviction of manslaughter. The same principle is disclosed in *State v. McPhail*, 39 Wash. 199, 81 Pac. 683, where the court said:

"The position taken by counsel is that the trial court must submit every issue raised by the pleadings to the jury, regardless of the state of the testimony or the absence of all testimony. This contention finds no support in our constitution or elsewhere, and cannot prevail."

In that case the rule, with sustaining authority, is quoted from 11 Ency. Plead. & Prac., page 211, as follows:

"On a criminal prosecution, it is not necessary for the court of its own motion, or on request, to instruct as to the lower grades of crime involved, where there is no evidence on which to base such an instruction. The giving of such an instruction is not only unnecessary but improper."

We are satisfied with the rule as thus declared.

The state relies upon *State v. Dolan*, 17 Wash. 499, 50 Pac. 472, and *State v. Clem*, 49 Wash. 273, 94 Pac. 1079. In the first case the defendant was charged with the crime of assault with intent to commit murder. It was held error to refuse a requested instruction that the jury might find a verdict of assault and battery. The court so held because, as it is said, the jury was entirely precluded from finding the defendant guilty of a less crime, although it may have been satisfied in fact that he was guilty of one of the lesser offenses. There was evidence to show an assault and battery. In the *Clem* case defendant was charged with a robbery from the person, and convicted of petit larceny, the

court holding that the legislature had not intended to create any new offense, but recognized that there were degrees in larceny, and that petit larceny was but a degree of the offense charged. The defendant was convicted because, under the evidence, he was guilty of petit larceny. Finally, the state says:

"Assault with intent to commit rape, charged in appellant's case, necessarily includes assault or assault and battery, as set forth in the definition of the crime of assault in the third degree. Such an assault as charged could not, in its very nature, have occurred without embracing the lesser degree of assault."

But this is met by the letter of the new criminal code. It is only such an assault or assault and battery as does *not* amount to an assault in the first or second degree that is punishable as an assault in the third degree. The state's facts, if believed, not only showed an assault amounting to assault in the first degree, but the more aggravated crime of rape. Courts cannot submit crimes to juries because they *may* be included in the crime charged. If the evidence brings them within it, it is the duty of the court to so charge. If, on the other hand, the evidence excludes the lesser offense, it is likewise the duty of the court to see that no false issue is submitted to the jury.

The jury having found by its verdict that appellant is not guilty as charged, and there being no evidence to sustain the verdict rendered, the judgment is reversed, and the case will be remanded with instructions to discharge the appellant.

RUDKIN, C. J., CROW, DUNBAR, and MORRIS, JJ., concur.