[No. 9463.   Department Two.   October 13, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v.
CHARLES PHILLIPS, *Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR.  The exclusion of evidence
is harmless, where it was admitted later, or where its subsequent
admission was error favorable to the appellant.

JURY—QUALIFICATION OF JUROR—NEW TRIAL—PREJUDICE.  It is not
ground for a new trial in a criminal case that a challenge to a juror
was sustained, on evidence as to his citizenship which left the matter
in doubt, where no prejudice was shown and a fair and impartial
jury was secured.

INDICTMENT AND INFORMATION—AMENDMENT—WAIVER OF OBJEC-
TION—APPEAL—HARMLESS ERROR.  It is not prejudicial error that,
after a trial for murder in the first degree, the information was
amended to charge murder in the second degree without leave of
court or entering a *nolle prosequi* of the first information, where
the accused pleaded not guilty to the amended information without
demurring, and first objected on the introduction of the evidence.

HOMICIDE—TRIAL—INSTRUCTIONS.  On a trial for murder in the
second degree, where the accused had shot and killed the deceased,
claiming to act in self-defense, he was guilty of second degree mur-
der or manslaughter, or not at all, and it was not error to refuse to
instruct the jury as to the lesser offenses of assaults in various
degrees.

Appeal from a judgment of the superior court for Okan-
ogan county, Hinkle, J., entered November 26, 1910, upon a
trial and conviction of murder in the second degree.   Af-
firmed.

*E. Fitzgerald* and *Robertson & Miller*, for appellant.

*William C. Brown* and *Fred T. Neal*, for respondent.

CROW, J.—The defendant Charles Phillips was convicted
of murder in the second degree, and has appealed from the
judgment and sentence entered upon the verdict.   This case
has heretofore been in this court, and a new trial was granted
after appellant's former conviction of murder in the second

[1]Reported in 118 Pac. 43.

degree. *State v. Phillips*, 59 Wash. 252, 109 Pac. 1047. After remittitur and on October 7, 1910, the prosecuting attorney filed an amended information predicated upon the same homicide, charging murder in the second degree. Appellant's former conviction was upon an information charging murder in the first degree. On October 20, 1910, appellant was arraigned on the amended information, in the absence of his counsel, and pleaded not guilty. The record, however, shows that on October 21, 1910, appellant and his counsel being in court, the trial judge advised appellant's counsel that on the previous day he had been arraigned on the amended information charging murder in the second degree; that he had pleaded not guilty; that such plea had been taken subject to his right to withdraw it and interpose any demurrer, motion, or other plea. Appellant's counsel thereupon announced he did not care to withdraw the plea of not guilty; that he did not wish to demur to or move against the amended information, but that he might move for a change of venue. Thereupon the state suggested that as counsel for appellant was present, the appellant be asked by the court whether he reaffirmed his plea of not guilty, and appellant replied he did. No question as to the sufficiency or regularity of the amended information was raised until the jury had been empaneled, respondent's counsel had made his opening statement, and the state had called a witness to testify. Thereupon appellant interposed an objection to the introduction of evidence, on the ground that no complaint or information recognized by law was on file upon which he could be tried, the substance of his contention being, that an amended information could not be filed in a criminal action; that if the state did not intend to rely upon the original information, it should have entered a *nolle prosequi*, and then should have filed a new and original information. This objection was overruled. After verdict, appellant interposed, and the trial court denied, his motion in arrest of judgment, under which he renewed the same objection.

Numerous assignments of error have been presented, many of which, especially those predicated upon rulings upon the admissibility of evidence, are too technical to justify discussion. In numerous instances, appellant, referring to certain pages of the statement of facts, contends that error was committed in excluding evidence; but an examination of the record discloses the fact that the evidence was later admitted, and that if error was committed, it was then committed, and was error prejudicial to the state only, of which appellant cannot complain. We find no rulings on evidence prejudicial to appellant.

Appellant contends that the trial court erred in sustaining a challenge for cause to one Delanger, called and examined upon his *voir dire* touching his qualifications as a juror. The examination disclosed that he was a Frenchman, a native of Canada; that he and his father came to the United States when he was about seventeen years of age; that he declared his intention of becoming a citizen of the United States by taking out first papers in the year 1888; that no final certificate of citizenship had been issued to him; that his father had voted in 1884, but that he had no knowledge as to whether his father had been naturalized. The citizenship of the juror was sufficiently doubtful to justify the trial judge in sustaining the challenge. No prejudice to appellant has been shown, although he exercised all of his peremptory challenges. It does not appear that a fair and impartial jury was not secured. The appellant had no vested right in any particular juror.

"No party can acquire a vested right to have a particular member of the panel sit upon the trial of his cause until he has been accepted and sworn. It is enough that it appear that his cause has been tried by an impartial jury. It is no ground of exception that, against his objection, a juror was rejected by the court upon insufficient grounds, unless through rejecting qualified persons, the necessity of accepting *others* not qualified has been purposely created. Thus, in the process of impaneling, no party is entitled, as of right, to

have the *first juror* sit who has the statutory qualifications; though there are authorities to the contrary, chiefly based on exaggerated views of the rights of the accused in criminal trials. But this is on principle quite untenable; since, if the prisoner has been tried by an impartial jury, it would be nonsense to grant a new trial or a *venire de novo* upon this ground, in order that he might be again tried by another impartial jury." 1 Thompson, Trials, § 120.

"A distinction can very properly be made between the ruling of a judge, who declares a juror competent against the challenge of the accused, and forces him on the jury against the protest of the accused, and the case where he declines to let one serve on the jury whom the accused may want there. In the one case, the juror, who is forced on the accused, may not only, on account of previous bias, prevent his acquittal, but secure his conviction, whilst in the other case, it is to be presumed that the juror chosen in the place of the one rejected, is an impartial juror, such as the law requires; and in this case, there is no complaint that the juror chosen in the place of the one excluded was not in every way competent. And if, notwithstanding the exclusion of the juror that the accused was anxious to have, a fair and impartial jury was obtained, and we find no charge that it was not so, surely we cannot conclude that the accused was so seriously injured by the ruling as to entitle him to a new trial, or, in fact, that anything whatever was done to his prejudice." *State v. Barnes,* 34 La. Ann. 395, 397.

See, also, *State v. Barnes,* 54 Wash. 493, 103 Pac. 792, 23 L. R. A. (N. S.) 932; *State v. Hamilton,* 35 La. Ann. 1043; *Northern Pac. R. Co. v. Herbert,* 116 U. S. 642; *State v. Kluseman,* 53 Minn. 541, 55 N. W. 741. All the law requires is that a defendant shall be tried by a qualified and impartial jury of his peers. Such a jury was secured in this cause, and appellant has suffered no prejudice.

Appellant further contends the trial judge erred in overruling his objections to the introduction of evidence under the amended information, in holding the amended information sufficient, and in denying his motion in arrest of judgment. In support of these assignments he argues that the state

could not, without dismissing the former information, file an amended information charging murder in the second degree, and proceed to trial thereon. He apparently concedes that, when a defendant has been convicted and a new trial has been granted, the state may, with the consent of the trial judge, enter a *nolle prosequi* without prejudice, and file a new information, but insists that no amended information can be filed; that while our code of procedure provides for amendment of pleadings in civil actions, no such provision is made with reference to an information in a criminal action.

It is evident that the prosecution considered that appellant's former conviction of murder in the second degree was an acquittal of the higher or first degree; that he could not again be placed on trial for any higher degree than the second; that it would therefore be proper to charge him with murder in the second degree only; and that such a charge could be made by an amended information. The amended information was filed without the entry of any previous order relative to the former information. The record shows that appellant's former conviction was under an amended information then charging murder in the first degree; that he took no exception to that amended information, and that he did not question its sufficiency upon his former appeal.

Conceding, without deciding, that the proceeding was irregular and that the original information should have been dismissed by a *nolle prosequi* before a new information was filed, yet the question now raised is not jurisdictional. Appellant was tried on an information charging murder in the second degree. After its filing, he was arraigned and pleaded not guilty. On the next day when he and his counsel were in court, he was asked whether he desired to move or demur, the state consenting that he might then withdraw his plea for that purpose. His counsel announced an election to do neither, and his plea of not guilty was renewed. No further question as to the sufficiency of the amended information was raised until after the jury had been empaneled and sworn to

try the cause, and the state was about to offer evidence.   Then for the first time appellant raised the question now before us. Such procedure cannot be encouraged.   Appellant's conduct indicates an intention to reserve the question until he could claim jeopardy, should his subsequent attack upon the amended information be sustained.

"We cannot commend the practice of permitting the sufficiency of informations to be challenged for the first time by objections to the introduction of testimony.   The law evidently contemplates that the defendant must either move to set aside the information, or demur thereto, or both, prior to entering his plea of not guilty ; and, when he fails to do so, courts should not ordinarily permit him to call in question the sufficiency of the information in the manner which was done in this case.   While the court should not permit a defendant to be tried or convicted upon an insufficient indictment or information, if properly objected to, it is but just to the state that it have notice of the particular objections which may be interposed to the accusation set forth in the information, and an opportunity to meet them in an orderly manner." *State v. Bodeckar,* 11 Wash. 417, 421, 39 Pac. 645.

The allegations of the amended information are sufficient to charge murder in the second degree, and show the same homicide previously alleged.   Upon the record, we hold the appellant has expressly waived his right to raise this question as to the sufficiency of the information, which is not jurisdictional, but one affecting procedure only.

Appellant contends that the trial court erred in refusing his requested charge that the jury might convict any one of the lesser crimes of assault with a deadly weapon, assault and battery, or simple assault, all of which he argues were included within the amended information.   The court instructed the jury that they must either convict of murder in the second degree or manslaughter, or that they should acquit.   An examination of the evidence shows that appellant, if guilty of any crime, was only guilty of murder in the sec-

ond degree or manslaughter. It was admitted that appellant shot and killed the deceased, but the claim of self-defense was made. If he did not act in self-defense, he was guilty of murder in the second degree or manslaughter.

"Courts cannot submit crimes to juries because they *may* be included in the crime charged. If the evidence brings them within it, it is the duty of the court to so charge. If, on the other hand, the evidence excludes the lesser offense, it is likewise the duty of the court to see that no false issue is submitted to the jury." *State v. Kruger,* 60 Wash. 542, 111 Pac. 769.

See, also, *State v. McPhail,* 39 Wash. 199, 81 Pac. 863; *State v. Pepoon,* 62 Wash. 635, 114 Pac. 449; *State v. Blaine,* 64 Wash. 122, 116 Pac. 660. Had the trial judge instructed as requested, appellant would not have been benefited, as the jury convicted him of murder in the second degree, which was one degree higher than the lowest crime submitted.

Other assignments are made on instructions given and refused. We have carefully examined the entire body of the instructions, and find they fully and fairly state the law applicable to the issues and evidence, including the law of self-defense; that they include, in proper and substantial form, every requested instruction to which the appellant was entitled, and that they are free from prejudicial error. The appellant has been awarded a fair trial, and the judgment should be affirmed. It is so ordered.

Dunbar, C. J., Morris, Ellis, and Chadwick, JJ., concur.