[No. 21252. Department Two. November 30, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE OPACICH, *Appellant*.[1]

*Robertson, Paine & Schaaf*, for appellant.

*Chas. W. Greenough* and *Carl P. Lang*, for respondent.

FRENCH, J.—The appellant was charged by an information with the crime of having in his possession intoxicating liquor with intent to barter, sell and exchange the same, and two prior convictions, the charging part of the information being as follows:

"That the said defendant, George Opacich, in the county of Spokane, state of Washington, on or about the 20th day of October, 1927, then and there being, did then and there wilfully and unlawfully have in his possession intoxicating liquor, to wit: moonshine

[1]Reported in 272 Pac. 52.

whiskey, with intent then and there to barter, sell and exchange the same.

"And that the said defendant George Opacich, was, on the 19th day of February, 1923, in cause No. 6055, in the justice court of Honorable G. W. Stocker, justice of the peace in and for Spokane precinct, Spokane county, state of Washington, convicted of a violation of the intoxicating liquor laws of the state of Washington.

"And that the said defendant, George Opacich, was, on the 2nd day of March, 1927, in cause No. 7321, in the justice court of the Honorable S. A. Mann, justice of the peace in and for Spokane precinct, Spokane county, state of Washington, convicted of a violation of the intoxicating liquor laws of the state of Washington."

To this information the appellant entered a plea of not guilty, and having been tried by the court, with a jury, this appeal follows from a judgment against the appellant.

Two questions are raised by appellant: First, the sufficiency of the allegations of the information, as to the alleged prior convictions, to constitute the aggravated offense. Rem. Comp. Stat., § 7339, provides:

". . . and every person convicted the third time of a violation of any provision of this act shall, for such third and each subsequent conviction, be punished by imprisonment in the penitentiary for not less than one nor more than five years."

The argument is that this act comprises only ch. 2, Laws of 1915, p. 2, the same being Initiative Measure No. 3, together with the amendatory acts passed in 1917, 1919 and 1927, and that there are other intoxicating liquor laws in the state of Washington in full force and effect, among them being ch. 30, of the Laws of 1923, p. 73; Rem. 1927 Sup., §§ 7347-1, 7347-2 and 7347-3; that other intoxicating liquor laws are §§ 2445,

7347, and 8804, Rem. Comp. Stat., and several others. The precise question was raised in the case of *State v. Gilfilen,* 124 Wash. 434, 214 Pac. 831, and decided adversely to appellant's contention. We are therefore passing the first question raised.

The second question presented is that the jury by its verdict found the appellant guilty of unlawful possession of intoxicating liquor, a lesser crime than the crime charged, and one included only as a matter of law, but not as a matter of fact. The evidence presented by the state tended to show that the appellant was employed as a bartender in a pool room, working generally on the night shift; that on the 20th day of October, at about eight o'clock in the evening, a man by the name of Johnson, a Federal prohibition agent, entered the pool hall, stepped up to the bar and purchased some liquor; Mr. Johnson's testimony reading as follows:

"A. I went into the First avenue pool room, located at 427 First avenue, at about eight o'clock on the evening of October 20th, with another man. This man was a foreigner and we stepped up to the bar together, and Mr. Opacich was the bartender at the time, and this man with me spoke a demand in a foreign language, a short sentence ending with the word 'botz.' Mr. Opacich said 'all right,' and walked back along the bar until he was into another room— a back room; shortly afterwards he came back with two pint flasks, picked up a cork and came up to what we call a firehole in the pool room back of the bar and lifted a little iron cap off the hole, which was about five or six inches across, and passed the bottles down through the hole. He left the hole uncovered and waited for a short time until the bottle was passed up through the hole into his hands. He then closed the hole and passed the bottle across the bar to me and I gave him two dollars for it."

This was all the testimony given by any of the witnesses concerning the transaction alleged to have

taken place on or about the 20th day of October, 1927, and set out in the information. Appellant's argument is that there is no testimony justifying the jury in returning a verdict finding the appellant guilty of possession of intoxicating liquor, for the reason that the testimony shows either the aggravated offense of selling intoxicating liquor or possession with intent to sell. The defense in the case was an alibi, and there is no testimony tending in any way to connect the appellant with the liquor in question, save as above set out.

"Courts can not submit crimes to juries because they *may* be included in the crime charged. If the evidence brings them within it, it is the duty of the court to so charge. If, on the other hand, the evidence excludes the lesser offense, it is likewise the duty of the court to see that no false issue is submitted to the jury." *State v. Kruger,* 60 Wash. 542, 111 Pac. 769.

See, also, *State v. Robinson,* 12 Wash. 349, 41 Pac. 51; *State v. McPhail,* 39 Wash. 199, 81 Pac. 683.

Under the testimony in this case, the appellant is either guilty of selling intoxicating liquor, or he is guilty of no crime.. There was no evidence of any kind to justify the jury in finding him guilty of possession of intoxicating liquor. The appellant either sold the pint bottle of moonshine whiskey on October 20th, or he did not. The evidence negatives the idea that appellant had possession of any intoxicating liquor except that slight possession necessary to take it from one person and hand it to another, and receive the money therefor. Appellant concedes that the only relief to which he is entitled is a new trial.

The judgment is therefore reversed with instructions to grant a new trial.

MAIN, PARKER, and ASKREN, JJ. concur.

FULLERTON, C. J., dissents.