[No. 21383. Department One. February 11, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. BESSIE M. BIDWELL, *Appellant*.[1]

*E. L. Casey*, for appellant.
*W. G. Coleman*, for respondent.

BEALS, J.—Appellant, Bessie M. Bidwell, was charged jointly with one Preston R. Clark with the crime of murder in the first degree, the charging portion of the information being as follows:

"That on or about the 30th day of December, 1927, then and there being in the county of Walla Walla, aforesaid, did, and each of them did, wilfully, unlawfully and feloniously, with malice aforethought and a premediated design to effect death, conspire together and then administer to and cause to be taken into the stomach of a certain human being, namely Alpheus Bidwell, a man or male person of the age of forty-nine years or thereabouts, a deadly quantity of a certain deadly poison called strychnine; the said Bessie M. Bidwell and Preston R. Clark then and there well knowing the said strychnine to be in quantity and kind, as was administered and taken, a deadly poison; by the means of the taking of which deadly poison into the

[1]Reported in 274 Pac. 716.

stomach and body of said Alpheus Bidwell he (Alpheus Bidwell) became then and there and thereby mortally sick, of which said mortal illness on said 30th day of December, 1927, and within said county of Walla Walla aforesaid, the said Alpheus Bidwell died. The said Bessie M. Bidwell and Preston R. Clark, and each of them, then and there intending thereby to kill and murder the said Alpheus Bidwell.''

The defendants, appearing by different counsel, pleaded not guilty, their joint trial resulting, as to Preston R. Clark, in a verdict of guilty of murder in the first degree, and as to appellant, Bessie M. Bidwell, in a verdict of guilty of murder in the second degree. From a judgment and sentence entered against her upon this verdict, Bessie M. Bidwell appeals.

Appellant excepted to certain instructions given by the trial court whereby the jury was instructed that it could bring in a verdict of murder in the second degree against either of the defendants, and after the rendition of the verdict against her, appellant pre-. sented and argued the following motion:

"Comes now the defendant, Bessie M. Bidwell, and moves the court for judgment acquitting her of the offense and charges set forth in the information herein and for her discharge from custody, notwithstanding the verdict of the jury herein, finding her guilty of murder in the second degree. Upon the grounds and for the reasons,

"(I) That this defendant, Bessie M. Bidwell, by the verdict of said jury, has been acquitted of murder in the first degree as charged in the information herein.

"(II) That there was no evidence or facts produced upon the trial of this cause, upon which said jury could base its verdict finding this defendant, Bessie M. Bidwell, guilty of murder in the second degree.

"This motion is based upon the information herein, the records and files in this action and the evidence and facts produced upon the trial thereof;''

and assigns error upon the overruling thereof by the trial court, as well as upon the entry of judgment on the verdict and her sentence.

Appellant contends that there was no testimony from which the jury could find her guilty of murder in the second degree, and that the court erred in instructing the jury that they could find appellant guilty of that degree of the crime with which she was charged. She contends that the verdict of the jury finding her guilty of murder in the second degree amounts to her acquittal on the charge of murder in the first degree, and that as there is no evidence in the record to justify the verdict of guilty of murder in the second degree, the judgment and sentence must be reversed and the appellant discharged from custody. Appellant did not move for a new trial, and does not ask that such relief be granted her. She has elected to take her final stand on the record before this court, and contends that on this record she is entitled to go free.

Under the law of this state the killing of a human being, unless it is excusable or justifiable, is murder in the first degree, when committed "with a premeditated design to effect the death of the person killed, or of another," (Rem. Comp. Stat., § 2392); while the killing of a human being, unless excusable or justifiable, is murder in the second degree, when committed "with a design to effect the death of the person killed or of another, but without premeditation." (Rem. Comp. Stat., § 2393.) It is also the law of this state that, if a homicide is proven beyond a reasonable doubt, the presumption of law is that the same is murder in the second degree. *State v. Smith,* 115 Wash. 405, 197 Pac. 770.

It is undoubtedly the law, as contended by appellant, that a defendant in a criminal prosecution can be con-

victed of a lesser degree of the crime charged, or of an attempt to commit the crime, only when there is testimony in the record which sustains such a conviction. *State v. McPhail,* 39 Wash. 199, 81 Pac. 683; *State v. Kruger,* 60 Wash. 542, 111 Pac. 769; *State v. Pepoon,* 62 Wash. 635, 114 Pac. 449; *State v. Opacich, ante* p. 110, 272 Pac. 52.

Appellant contends that, upon a charge of murder by poison, the verdict must be either a conviction of murder in the first degree or an acquittal, and that the nature of the crime excludes the possibility of a conviction of murder in the second degree, which presupposes absence of the element of premeditation.

It is admitted that Alpheus Bidwell, appellant's husband, died of strychnine poisoning December 30, 1927, and that the defendant Clark, who had been an inmate of the home occupied by the Bidwells for over a year prior to Mr. Bidwell's death, had purchased strychnine a few weeks prior to this date. Appellant admits the maintenance of intimate relations between herself and her co-defendant for a long time prior to Mr. Bidwell's death, but strenuously insists that she was entirely innocent of her husband's murder. She contends that Clark, without her knowledge, placed strychnine in some brains which the deceased prepared the evening before his death, intending to eat them for his breakfast the next morning. Mr. Bidwell did partake of the brains, being the only one who did eat them, and died from strychnine poisoning almost immediately thereafter.

Appellant argues that, under certain circumstances, a defendant may be prejudiced by the submission to the jury, under instructions by the court, of an issue as to whether or not he is guilty of a lesser degree of the crime charged, because if the accused is not guilty of the higher degree of the offense, and if the

evidence does not support a conviction of the lesser degree thereof, his liberty may be bartered away by a compromise verdict of guilty of the lesser degree of the crime when the jury would have brought in a verdict of acquittal had they been required to find the defendant either guilty of the higher degree of the offense, or not guilty.

The supreme court of Ohio, in the case of *Bandy v. State,* 102 Ohio St. 384, 131 N. E. 499, 21 A. L. R. 594, in affirming the conviction of the defendant of murder in the first degree, committed in the perpetration of a robbery, the trial court having refused to charge the jury, as requested by the defendant, that they could bring in a verdict of guilty of murder in the second degree, or of manslaughter, says:

"Where there is no evidence from which a reasonable inference can be drawn of any other degree than murder in the first degree, it is not only not error for the court to refuse to charge upon such lesser degrees, but would be error for the court to so charge; for obviously, if the defendant in such case is not guilty of murder in the first degree, his liberty should not be dickered away by a compromised verdict upon another degree which is supported by no evidence."

The court states that it carefully examined the testimony and found no evidence which could support a verdict of guilty of any degree of the crime charged less than murder in the first degree, and therefore held that the trial court was correct in refusing to charge the jury as requested by the accused. This case is in line with the opinion of this court in *State v. Kruger, supra,* but it is to be noted that the portion of the opinion relied upon by appellant, above quoted, in so far as it states that an instruction which was not given would have been erroneous if given, is argumentative merely, and was not necessary to the opinion rendered.

Appellant relies upon the opinion of the supreme court of Iowa, in the case of *State v. Bertoch,* 79 N. W. (Iowa) 378, in which the conviction of the defendant of murder in the second degree was reversed, to be followed by a new trial of the accused. This was a poisoning case, and the court refers to a statute of Iowa making a killing by means of poison murder in the first degree. The court held that the instruction complained of, allowing the jury to find the defendant guilty of murder in the second degree, was error, and that in the state of Iowa, in cases of murder perpetrated by means of poison, there is but one degree. The law of this state defining murder differs from the law of Iowa in the particular noted, and for that reason decisions construing the law of that state on the point in issue here are not directly in point in this jurisdiction.

In the case of *Leseney v. State,* 13 Okl. Cr. 247, 163 Pac. 956, the supreme court of Oklahoma set aside the conviction of the defendant of the crime of manslaughter in the first degree, (she having been charged with murder in the first degree, by the administration of poison) the court holding that the evidence clearly showed that she was guilty of murder or nothing, and that on the state's theory of the case there could be no middle ground, nor was there any testimony which could support the verdict rendered. The law of Oklahoma does not define murder in the second degree, but contains a provision to the effect that

" . . . a design to effect death sufficient to constitute murder may be formed instantly before committing the act by which it is carried into execution." (Compiled Oklahoma Statutes 1921, §1735.)

Under the laws of that state manslaughter in the first degree approximately conforms to the definition of manslaughter as contained in the criminal code of

this state. There is a very great difference, both under our law and the law of Oklahoma, between murder and manslaughter, and the absence from the law of Oklahoma of any provision establishing the crime of murder in the second degree renders the opinion in the case cited of little assistance in determining the question now before us.

This court, in the case of *State v. Underwood,* 35 Wash. 558, 77 Pac. 863, upheld the conviction of the defendant (who was charged with murder in the first degree) of the crime of murder in the second degree, he having been accused of drowning his infant child. In that case the appellant contended that the evidence showed that he was guilty of murder in the first degree or guilty of no offense at all, and that evidence which proved that he had drowned his child also necessarily proved the presence of the elements of deliberation, and premeditation, and that since the jury by its verdict found the absence of these elements of murder in the first degree, they must have found the defendant not guilty. As in the case at bar, there was testimony which, if believed by the jury, would have supported a verdict of guilty of murder in the first degree, and we agree with the statement of this court in the case last cited, to the effect that appellant cannot complain because she "was convicted of a lesser offense than the evidence warranted."

In the case of *State v. Yargus,* 112 Kan. 450, 211 Pac. 121, 27 A. L. R. 1093, the conviction of the defendant of murder in the second degree was upheld, she having been charged with murder in the first degree by the administration of poison. The court held that, assuming that the evidence did not admit of a finding that the defendant was guilty of murder by poison, but without deliberation and premeditation, even if murder by that means can ever be accomplished with-

out the existence of these elements, the error in submitting to the jury the issue of second degree murder was not prejudicial to the defendant. The court discussed at length and with careful discrimination the different lines of authority upon this question, and concluded that the instruction to the jury that it could bring in a verdict of guilty of murder in the second degree was not such error as required the granting of a new trial. The court distinguished the situation before it from that presented in an earlier case in which the defendant had been charged with murder in the first degree and was convicted of manslaughter in the second degree, stating that these two offenses differed in kind as well as in degree.

In the case at bar appellant is not asking for a new trial, but contends that on the record of her trial she is entitled to an absolute discharge. The argument presented by appellant's counsel is ingenious, but we agree with the supreme court of Kansas, as expressed in the case of *State v. Yargus, supra,* in holding that the weight of judicial opinion, as well as the sounder reason, are against appellant's contention.

A careful examination of the record convinces us that it contains no reversible error, and following the principle laid down by this court in the case of *State v. Underwood, supra,* the judgment is affirmed.

MITCHELL, C. J., TOLMAN, and FULLERTON, JJ., concur.

FRENCH, J., concurs in the result.