[No. 1781. Decided July 27, 1895.]

THE STATE OF WASHINGTON, *Appellant,* v. WILLIAM FEAMSTER, *Respondent.*

ASSAULT WITH INTENT TO MURDER — SUFFICIENCY OF INFORMATION — MOTION IN ARREST OF JUDGMENT — WHEN MAY BE URGED.

An objection that a motion in arrest of judgment was not seasonably made cannot be first presented on appeal.

A motion in arrest of judgment on the ground that the information does not state facts sufficient to constitute a crime, may be interposed by defendant even after having gone into two trials of the case on the merits without objection.

An information charging an assault with intent to commit murder, sufficiently charges an assault, though not following the words of the statute defining that offense, when it alleges that the defendant, having the present ability, attempted to kill a certain person with a pistol.

*Appeal from Superior Court, Yakima County.*

*Ira P. Englehart,* Prosecuting Attorney, *J. A. Rochford,* and *Jones & Newman,* for The State.

*H. J. Snively, Fred Miller,* and *W. F. Butcher,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—The respondent was twice tried for an assault with intent to commit murder, on an information the body of which is as follows:

"Comes now J. A. Rochford, prosecuting attorney of Yakima county, State of Washington, and by this information accuses William Feamster of the crime of assault with intent to commit murder, committed as follows: He, the said William Feamster, on the 24th day of November, 1894, A. D., in the county of Yakima, State of Washington, then and there being, did then and there attempt in a rude, insolent and angry manner, coupled with the present ability to carry into execution such attempt, unlawfully, feloniously, purposely and of his deliberate and premeditated malice, to kill one H. L. Tucker, with a deadly weapon, to-wit, with a pistol (revolver) which he, the said William Feamster, then and there had and held in his hand, with intent then and there and thereby to unlawfully, feloniously, purposely and of his deliberate and premeditated malice, to kill and murder the said H. L. Tucker."

On the first trial the jury failed to agree, but upon the second a verdict of guilty as charged was returned. A motion for a new trial having been overruled, the defendant moved in arrest of judgment on the ground that the information did not state facts sufficient to constitute a crime. This motion was sustained by the court, and the prosecuting attorney having elected to stand upon the information, the defendant was discharged, whereupon the state, by its counsel, appealed.

The first point made by appellant is that the motion in arrest of judgment was not seasonably made. It is insisted that after the defendant had gone into two trials on the merits without objection, it was too late to object to the information on the ground of insufficiency. But there are two insuperable objections to this proposition. The first is that the question was not called to the attention of the court below, and cannot be presented for the first time here; and the second is that, as a matter of fact, the motion was timely

made. No motion in arrest of judgment can properly be interposed until after a verdict, for the reason that the only judgment which can be arrested upon such a motion is a judgment on the verdict of the jury. The motion could not have been made at an earlier stage of the proceedings, and it necessarily follows that it was made in time.

We now come to the consideration of the vital and decisive question in the case, which is, does the information state facts sufficient to constitute a crime? If it does not, the judgment of the court below was right, but, if it does, it was wrong and must be reversed.

The information was drawn under § 22 of the Penal Code, which provides that, " an assault with an intent to commit murder . . . shall subject the offender to imprisonment in the penitentiary for a term of not less than one year nor more than fourteen years." It will be seen that this offense consists of two constituent elements, or essentials. To constitute it, there must co-exist a consummated assault, as contra-distinguished from a mere attempt, and a specific intent to commit murder; and an indictment or information which does not, in proper terms, allege both the commission of an assault and the specific intent, fails to state facts sufficient to constitute the offense under consideration. That the intent is sufficiently averred in this instance can hardly be doubted, and it follows that if sufficient facts are stated to constitute an assault, the information must be held good.

The words employed in the statute defining an assault (§ 20, Penal Code), are not used, but that is not material provided those used convey the same meaning (Code Proc. § 1243), or are words of more extensive signification, and include the words of the statute. 1 Bishop, Criminal Procedure, § 612; 10 Am. & Eng.

Enc. Law, p. 573; *Whitman v. State,* 19 Neb. 224 (22 N. W. 459); *Tully v. People,* 67 N. Y. 15.

In the case last cited the word "destroy" was substituted for the word "disable" in the statute, in an indictment for mayhem, and the court held that the indictment was not defective by reason of the substitution, because the word "destroy" was more comprehensive than the word "disable" and included what was signified by it. And in *Whitman v. State, supra,* the court held that an indictment for shooting with intent to kill, in which it was alleged that the act was "unlawfully, wilfully, purposely and feloniously" done, would not be quashed, as not stating an offense, because the word "maliciously" employed in the statute was omitted, for the reason that the words used included the full signification of the word "maliciously," and were more than equivalents of that word. And so, in this case, we think the words "to kill with a pistol" are of more extensive signification than either of the words "touch," "strike," "beat" or "wound" used in the statute, and include all that is signified by either, or all of them.

For the foregoing reasons we are of the opinion that this information, though somewhat inartificially drawn, states facts sufficient to constitute the crime of which the respondent was convicted, and that the motion in arrest of judgment should have been denied.

The judgment will therefore be reversed and the cause remanded for further proceedings in accordance with law and this opinion.

HOYT, C. J., and DUNBAR, SCOTT and GORDON, JJ., concur.