## Court of Appeals.

### April 7, 1896.

## PEOPLE v. JOHN A. WILLIAMS.

**1.** Criminal law—Indictment—Perjury.

By force of section 100 of the Penal Code an information charging the making of a false affidavit will not be supported, unless it appears on the trial that something more had been done than the mere taking of the oath by the affiant.

**2.** Same.

It is sufficient that the indictment charges that the defendant "made" the affidavit

**3.** Same—Perjury.

The crime consists in the making of a false affidavit upon a material matter in an action or special proceeding.

**4. Same.**

The making must be averred, and the fact of delivery must be proved to sustain the averment.

Appeal from a judgment of the general term, affirming a judgment on the verdict convicting defendant of forgery.

George A. Fisher, for appellant.

Frank L. Smith, for the People.

ANDREWS, C. J.—Section 100 of the Penal Code, which is embraced in the chapter relating to the crimes of perjury and subornation of perjury, declares that "the making of a deposition or certificate is deemed to be complete within the provisions of this chapter, from the time, when it is delivered by the defendant to any other person with intent that it be uttered or published as true." Section 96, which defines the crime of perjury, includes among the acts constituting perjury a false affidavit in an action or special proceeding. The indictment charges that the affidavit counted on was "made and is entitled in an action or special proceeding." In the absence of any statute regulating the matter it has been held that the crime of perjury in swearing to an affidavit, was complete when the oath was taken by the affiant in a judicial proceeding or course of justice, although the affidavit was never delivered or used, provided the matter sworn to was false, and known to the affiant to be so, and was material. Rex v. Hailey, 1 Car. & P. 258; Rex v. Crossley, 7 Term R. 315. Section 100 of the Penal Code is a statutary rule defining what shall be sufficient to constitute a making of an affidavit so as to bring it within the operation of the ninety-sixth section. By force of section 100 an indictment charging the making of a false affidavit will not be supported unless it appears on the trial that something more had been done than the mere taking of the oath by the affiant. He must, in addition, have delivered the affidavit with the intent stated. Until that has been done, he has made no affidavit within the meaning of the statute of perjury. But it is sufficient, we think, that the indictment charges that the defendant "made" the affidavit. This allegation comprehends every act which enters into the statutory definition of a making.

If it turns out on the trial that the affidavit, although sworn to by the defendant, was not delivered by him, the indictment will fail from lack of proof to sustain the allegation of making. On the other hand if it is shown that the defendant did deliver it with intent to utter it as true, the allegation that he made the affidavit is supported. The crime consists in the making of a false affidavit upon a material matter in an action or special proceeding. The making must be averred, and the fact of delivery must be proved to sustain the averment, because by section 100 there must. be a delivery with the intent stated before there is a complete making. The defendant was fully apprised by the indictment of the charge made against him, and of the transaction upon which it was founded. We think the indictment sufficiently sets forth the crime of which the defendant was convicted. It charges both the crime and the act constituting the crime. The other questions in the case are fully considered in the opinion at general term, and we concur in the conclusions reached. The judgment should be affirmed. All concur, except MARTIN, J., not sitting. Judgment affirmed.