[No. 19089. Department One. August 24, 1925.]

THE STATE OF WASHINGTON, *Appellant,* v. JAMES
DALZELL, *Respondent.*[1]

PERJURY (1)—INDICTMENT—SUFFICIENCY—INTENT TO UTTER. An
information for perjury in making an affidavit for a new trial is
fatally defective where it fails to allege that it was made with
intent that it be uttered or published as true, as required by Rem.
Comp. Stat., § 2356, declaring that the affidavit shall be deemed
complete when subscribed and sworn to with such intent.

CRIMINAL LAW (367)—MOTION IN ARREST—GROUNDS—DEFECTS IN
INDICTMENT. Where an information is bad against a demurrer
for want of sufficient facts, it is, under Rem. Comp. Stat., § 2183,
subject to a motion in arrest of judgment.

INDICTMENT AND INFORMATION (111)—WAIVER—AIDED BY VERDICT
—INSUFFICIENCY OF CHARGE. Under Rem. Comp. Stat., § 2183, au-
thorizing a motion in arrest of judgment where the information
does not state sufficient facts, the defect is not waived and cannot
be cured by the introduction of evidence.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered May 8, 1924, dis-
charging the accused, upon motion for arrest of judg-
ment, after a trial and conviction of perjury. Af-
firmed.

*C. T. Roscoe, M. H. Forde,* and *Charles R. Denney,*
for appellant.

*Sherwood & Mansfield* and *Coleman & Fogarty,* for
respondent.

BRIDGES, J.—The respondent was charged by infor-
mation with the crime of perjury, based upon an affi-
davit previously made by him. After conviction, his
motion for arrest of judgment was sustained, and the
state has appealed.

Section 2183, Rem. Comp. Stat. [P. C. § 9343], says:

"Judgment may be arrested on the motion of the
defendant for the following causes. . . . (2) that

[1]Reported in 238 Pac. 635.

the facts as stated in the indictment or information do not constitute a crime or misdemeanor."

The respondent contends that the information is fatally defective in the following respects: (1) in that it failed to allege that respondent swore to the affidavit with intent that it would be uttered or published as true; (2) in that it failed to state that the affidavit alleged to have been made by him was by him subscribed; (3) in that it failed to allege that the court had jurisdiction of the action in which the affidavit was used; (4) in that it does not show that the defendant was sworn to "testify or depose truly."

Section 2351, Rem. Comp. Stat. [P. C. § 9032], is as follows:

"Every person who, in any action, proceeding, hearing, inquiry or investigation, in which an oath may lawfully be administered, shall swear that he will testify, declare, depose or certify truly, or that any testimony, declaration, deposition, certificate, affidavit or other writing by him subscribed is true, and who, in such action, proceeding, hearing, inquiry or investigation shall state or subscribe as true any material matter which he knows to be false, shall be guilty of perjury in the first degree and shall be punished by imprisonment in the state penitentiary for not more than fifteen years."

Section 2356, Rem. Comp. Stat. [P. C. § 9037], being a part of the perjury statutes, is as follows:

"The making of a deposition, certificate or affidavit shall be deemed to be complete when it is subscribed and sworn to or affirmed by the defendant with the intent that it be uttered or published as true."

The first objection raised is that the information fails to allege, as is required by the section last quoted, that the affidavit was made by the respondent "with intent that it be uttered or published as true." The

charging part of the information states that, at a cer-
tain time and place, the respondent wilfully, unlaw-
fully and feloniously committed the crime of perjury
in that he, being first duly sworn before one authorized
to administer oaths, did

" . . . then and there falsely declare and swear
to be true when in truth and in fact he, the said James
Dalzell, well knew the same to be false and untrue, the
following material allegations and statements con-
tained in an affidavit filed and submitted with a motion
for a new trial in cause No. 21592, then and there pend-
ing before Hon. Ralph C. Bell, in the superior court
of the state of Washington for Snohomish county, in
which cause the state of Washington is named as plain-
tiff and one Al Wilson is named defendant."

The information then states the matter sworn to in
the affidavit was false and untrue and so known to be
by the defendant.

It would seem, from § 2356, Rem. Comp. Stat.,
*supra,* that one does not commit perjury by making a
false statement in an affidavit unless one makes it with
the intent that it shall "be uttered or published as
true." There is nothing in the information to comply
with this statute. There is no express allegation that
the respondent made the affidavit knowing or believing
that it would be, or that it was intended that it should
be used for any purpose in the case of State v. Wilson,
or in any other case. The nearest the information
comes to making any such charge is that the affidavit
made by the respondent was "filed and submitted with
a motion for a new trial" in the case above mentioned.
But the mere fact that it was so used is by no means
equal to a charge that the respondent made the affidavit
for that purpose, or that he knew it was to be, or
consented that it should be, used in that connection.
It might have been used in that case, not only without

respondent's knowledge or consent, but against his express wishes. What was said by the court, in *People v. Robles,* 117 Cal. 681, 49 Pac. 1042, is applicable here:

"The fact that the affidavit was used by the attorney of Abbott upon the hearing of the motion adds no strength to the pleading. Perhaps it was purloined for that purpose. There is nothing in the pleadings to indicate that it was used at the request or with the consent of this defendant. Perhaps it was never intended to be so used. Perhaps it was used under objection and protest of the defendant. . . . Here the indictment only charges the making of the false affidavit. It does not charge enough. It should have declared that the affidavit was delivered with intent that it be uttered and published as true."

The only difference between the California statute and our own is that the former requires that the affidavit shall be delivered by the accused to someone else with intent that it be uttered or published as true, while under our statute the delivery is not necessary. This information would have been bad as against a demurrer and, if so, it must also be bad as against a motion in arrest of judgment; for, under § 2183, *supra,* the motion is made to serve the purposes of a demurrer, even after trial and verdict.

But it may be said that we should apply to the information the same rules as we apply to a complaint in a civil suit; that is, that the defect was cured by the introduction of testimony showing that respondent made the affidavit for the purpose of having it used on the motion for new trial in State v. Wilson. But we cannot so hold, for two reasons: because there is no statement of facts before us; and, even if there were, we could not so use it because long ago we held that § 2183, *supra,* authorizing a motion in arrest of judgment because the information does not state facts constituting a crime, forbade us holding that the defects

of an indictment or information could be cured by testimony. *State v. Carey,* 4 Wash. 424, 30 Pac. 729; *State v. Feamster,* 12 Wash. 461, 41 Pac. 52; *State v. Hall,* 54 Wash. 142, 102 Pac. 888.

For the reasons given, we are required to hold that the information is defective, and subject to the motion in arrest of judgment.

Under the circumstances, it is unnecessary for us to discuss the other alleged defects in the information, some of which were upheld by the trial court.

The judgment is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and ASKREN, JJ., concur.