[No. 27011. *En Banc.* August 1, 1938.]

THE STATE OF WASHINGTON, *Appellant,* v. ARTHUR LEDFORD, *Respondent.*[1]

B. *Gray Warner* and *Henry Clay Agnew,* for appellant.

*Colvin & Rhodes,* for respondent.

[1]Reported in 81 P. (2d) 830.

BEALS, J.—Arthur Ledford was charged by information with the crime of perjury in the second degree, the gist of the charge being that the accused, in King county, in the course of the taking of his deposition in a certain cause then pending before the superior court for that county, appeared before a notary public and, having been regularly sworn according to law, in response to certain questions propounded to him, swore falsely, in that the accused stated under oath that he had been at a certain street intersection in the city of Seattle on the 14th day of December, 1936, and there saw a collision between an automobile and a truck; that Arthur Ledford then testified as to certain matters in connection with the collision as having occurred within his sight; that he then swore to and affirmed the deposition as true, with intent that it be published and uttered as true, but that the deposition was not signed or completed by the accused. The information further charged that all of the statements made by the accused were false, in that he had not witnessed the collision, and was not in the city of Seattle at the time the same occurred. The accused demurred to the information, and his demurrer was sustained.

Later, an amended information was filed, charging him with the crime of perjury in the first degree. By the amended information, the same facts were charged, save that the statement that the deposition was not signed or completed by the accused was omitted. The accused demurred to the amended information and also moved to dismiss, upon the ground that his demurrer to the original information had been sustained, and that the facts charged by the amended information were practically identical with those charged in the first instance. It is conceded that, upon the argument on the demurrer to the amended information and the motion to dismiss, it was admitted by the state that

the testimony given by the accused before the notary public upon the taking of his deposition had never been signed by the accused. The trial court sustained the demurrer to the amended information and dismissed the proceeding, and from the order of dismissal the state has appealed. The order recites that, upon the argument, counsel for the state admitted in open court that the deposition was, in fact, never signed by the accused. Error is assigned upon the ruling of the trial court sustaining the demurrer to the amended information and dismissing the proceeding.

The question presented is whether one who has regularly appeared before a notary public as a witness to testify by deposition in a cause pending before the superior court of this state, and who was, by the notary public before whom the deposition was to be taken, regularly sworn according to law to tell the truth, the whole truth, and nothing but the truth, can, under the statutes defining the crime of perjury, be charged with that offense, if the record shows that the deposition of the witness was never signed by him.

Upon the record before us, it stands admitted by the accused that he voluntarily appeared before a notary public to testify in an action pending before the superior court for King county; that he was by the notary regularly sworn to testify to the truth; that he did testify before the notary in answer to questions propounded by counsel; and that certain statements which the accused made in the course of his testimony were false. It is admitted, then, that respondent was regularly sworn to tell the truth, by an officer qualified to administer the oath; and that respondent, while under oath, made false statements, in direct violation of the oath which he had voluntarily taken to tell the truth.

The crime of perjury is defined in Laws of 1909,

584

chapter 249, p. 920, § 99 *et seq.* (Rem. Rev. Stat., § 2351 [P. C. § 9032] *et seq.*). By § 99 of this act, p. 920 (Rem. Rev. Stat., § 2351), perjury in the first degree is defined as follows: ·

"Every person who, in any action, proceeding, hearing, inquiry or investigation, in which an oath may lawfully be administered, shall swear that he will testify, declare, depose or certify truly, or that any testimony, declaration, deposition, certificate, affidavit or other writing by him subscribed is true, and who, in such action, proceeding, hearing, inquiry or investigation shall state or subscribe as true any material matter which he knows to be false, shall be guilty of perjury in the first degree and shall be punished by imprisonment in the state penitentiary for not more than fifteen years."

Section 104 of the act, p. 921 (Rem. Rev. Stat., § 2356 .[P. C. § 9037]) reads as follows:

"The making of a deposition, certificate or affidavit shall be deemed to be complete when it is subscribed and sworn to or affirmed by the defendant with intent that it be uttered or published as true."

In the case at bar, it is admitted that the statements made by respondent, on which the charge of perjury is based, were made by him in the course of the taking of a deposition, and that the deposition was never subscribed by respondent.

The section of the statute last above quoted refers to several different matters. In testifying by way of deposition, the witness is sworn before giving his testimony. In swearing to a certificate or affidavit, the document is prepared first, and is then subscribed and sworn to by the witness before the officer who administers the oath. The statute takes into consideration all three situations, and the words "with intent that it be uttered or published as true" apply to depositions, certificates, or affidavits. As to depositions, it may well

be argued that the statute affords no more than a reasonable protection to the witness, as before rendering himself liable to the pains and penalties of the statutes against perjury, the witness should have an opportunity to read that which has been written down as his testimony. When he signs the written transcript of his testimony, he is properly held to adopt the same as statements made by him under oath.

■ A witness who testifies in open court makes his statements in the presence of the trier of the facts. His testimony may or may not be taken down in shorthand, and he testifies in full view of the statutes against perjury. Even in such cases, it seems to be the rule that perjury will not be predicated upon false statements corrected before the submission of the case in which made. 48 C. J. 828, § 22. In 2 Wharton's Criminal Law (12th ed.) 1832, § 1572, the rule is laid down as follows:

"A witness examined *viva voce* may inadvertently, or through confusion, say many things to which he would not deliberately swear, had he an opportunity of final revision, and which, in subsequent portions of his testimony, he may qualify or recall. Hence, on the trial [for perjury], he should have the privilege of proving the whole of his testimony, so as to show, if possible, that the alleged falsehood was in other portions of his examination recalled or toned down."

An interesting notation upon this subject may be found in 99 A. L. R. 890, and the cases cited support the doctrine as above stated.

In any event, the two sections of the statute above quoted must be read together, and it follows that the making of a deposition is not a completed act until the same is subscribed by the witness, with intent that it be uttered or published as true. It may be assumed that, if no such section as Rem. Rev. Stat., § 2356, existed, the information in the case at bar would charge

a crime under § 2351, but the two sections do exist, and must both be considered. When a statute defining a crime states that certain things must be done before the crime be deemed complete, that crime is not committed before the designated acts are accomplished.

In the case of *State v. Dalzell*, 135 Wash. 621, 238 Pac. 635, it appeared that the defendant was convicted of the crime of perjury, and thereafter moved for arrest of judgment; that his motion was sustained; and that, from the order arresting judgment, the state appealed to this court. The information was based upon alleged false statements made by the defendant in an affidavit. The respondent before this court (defendant below) contended that the information was bad for four reasons, one being that it failed to allege that the respondent swore to the affidavit with intent that it would be uttered or published as true. It appears from the opinion that the information charged that, at a certain time and place, the respondent, having first been duly sworn before one authorized to administer oaths, did falsely declare and swear certain statements which he made to be true, well knowing that the same were false and untrue. In connection with the argument of the respondent before this court upon the question above stated, this court said:

"It would seem, from § 2356, Rem. Comp. Stat., *supra*, that one does not commit perjury by making a false statement in an affidavit unless one makes it with the intent that it shall 'be uttered or published as true.' There is nothing in the information to comply with this statute. There is no express allegation that the respondent made the affidavit knowing or believing that it would be, or that it was intended that it should be used for any purpose in the case of State v. Wilson, or in any other case. The nearest the information comes to making any such charge is that the affidavit made by the respondent was 'filed and submitted with a motion for a new trial' in the case above mentioned.

But the mere fact that it was so used is by no means equal to a charge that the respondent made the affidavit for that purpose, or that he knew it was to be, or consented that it should be, used in that connection. It might have been used in that case, not only without respondent's knowledge or consent, but against his express wishes."

This court held that, as the information failed to allege that the respondent swore to the affidavit with intent that it would be uttered or published as true, the information was defective. The court deemed it unnecessary, in view of its holding upon this point, to discuss other alleged defects in the information.

In the case of *State v. Wilson,* 83 Wash. 419, 145 Pac. 455, an appeal from a judgment of guilty of perjury in the second degree, it was held that, upon the facts shown, the defendant having been charged with perjury in the first degree, perjury in the second degree was not an included offense. The exact facts upon which the charge was based do not appear in the opinion, although it is stated that the perjury alleged to have been committed occurred in an action in which an oath was lawfully administered. Section 2356, *supra,* is not referred to, and it is reasonable to assume that the alleged perjury was committed in the course of testimony received in open court. The court laid down the rule that, in construing criminal statutes, doubts should be resolved in favor of the accused, saying:

"This statute is clearly no broader than was the common law, and must, when considered in the light of other statutes, be held to apply in all cases where the alleged false oath is taken and testimony is given in or in aid of a judicial proceeding. Courts and legislatures have recognized that perjury, as defined at common law and by statute, is not only complete within itself, but is exclusive of other offenses against the truth. Consequently the legislature of this state and

of other states have passed many special statutes and many general statutes making certain offenses perjury that would not be so either under the common law or under the statute, for crimes are not to be created by construction. If there be a reasonable doubt as to the law, justice demands that it be resolved in favor of innocence of the party charged."

In the case of *State v. Dallagiovanna,* 69 Wash. 84, 124 Pac. 209, 40 L. R. A. (N. S.) 249, this court quoted with approval the note to the opinion of the supreme court of Oklahoma, in *Morford v. Territory,* 10 Okla. 741, 63 Pac. 958, 54 L. R. A. 513, as follows:

"It is established by numerous cases and beyond question that perjury cannot be predicated of a false oath in a proceeding before a court which had no jurisdiction to inquire into the matter which was the subject of that proceeding."

In the later case of *State v. Epstein,* 138 Wash. 118, 244 Pac. 388, this court refused to construe the statute defining perjury against one accused of having committed that crime, and reversed a judgment entered upon a conviction of guilty.

This court has several times held that, before an accused may be convicted of the crime of perjury, it must appear that all the substantial elements of the crime as defined by the statute are included in the acts committed.

The court of appeals of New York, in the case of *People v. Williams,* 149 N. Y. 1, 43 N. E. 407, in affirming a conviction of the crime of perjury, held that delivery of a sworn-to affidavit, by the person charged with false swearing, was necessary to complete the crime of perjury. As the delivery, while only indirectly charged in the information, was shown by the evidence, the judgment of guilty was affirmed, but the court in its opinion said:

"If it turns out on the trial that the affidavit, although sworn to by the defendant, was not delivered by him, the indictment will fail from lack of proof to sustain the allegation of making. On the other hand, if it is shown that the defendant did deliver it with intent to utter it as true, the allegation that he made the affidavit is supported. The crime consists in the making of a false affidavit upon a material matter in an action or special proceeding. The making must be averred, and the fact of delivery must be proved to sustain the averment, because by section 100 there must be a delivery with the intent stated before there is a complete making."

The statutes of this state define in considerable detail the crimes of perjury in the first and second degrees. Other sections of chapter 249, Laws of 1909, including § 104 of the act, *supra*, amplify or complete the sections defining perjury, and must be considered in connection therewith. It may be assumed that the facts stated in the information filed in the case at bar would charge the crime of perjury in the first degree, within Rem. Rev. Stat., § 2351, *supra* (§ 99 of the original act) but § 2356 (§ 104 of the original act) must be considered with the section defining perjury in the first degree, in determining whether or not that crime is charged when one is accused of perjury in connection with the making of a deposition, certificate or affidavit. Upon the record in the case at bar and the admissions of counsel for appellant, both in the court below and before this court, the information must be considered as including an allegation or admission that the testimony given by respondent by way of a deposition was never subscribed by him.

In the case of *State v. Dalzell, supra,* this court placed a very broad construction upon Rem. Rev. Stat., § 2356, considered in connection with a prosecution for perjury based upon the making of a false affidavit. While, as above stated, the procedure in testifying under oath

by way of a deposition, and in swearing to an affidavit or certificate, is quite different, the legislature saw fit to make the same rule apply in all three instances, and while this court has not heretofore had occasion to consider the section of the statute last above referred to in connection with a prosecution for perjury based upon false testimony by way of a deposition, we find no basis for a holding that the legislature did not mean exactly what it said when it enacted § 2356, nor can we delete the word *deposition* from the section.

In view of the statute and the authorities, it must be held that the information is defective. One important element which goes to make up the offense, under the circumstances alleged, is wanting, and the existence of the fact is negatived by the record before us. The chain of facts necessary to sustain a conviction of the crime is defective, and the record shows that the missing link cannot be supplied. The two sections of the statute above referred to must be considered together. Section 2351, in defining perjury, uses the words "deposition, certificate, affidavit, or other writing by him subscribed is true." Section 2356, part of the same act, expressly refers to "the making of a deposition, certificate or affidavit," and in plain language provides when the act of making a deposition, certificate or affidavit "shall be deemed to be complete." Perjury is what the statute says it is, and whether or not one is guilty of perjury, depends upon the statutory definition of that crime. False swearing may or may not be perjury, depending upon whether or not the facts charged fall within the statute. If the facts alleged fail to show that the crime sought to be charged was completed within the statutory definition, then no crime is charged.

Upon the record before us, it cannot be held that re-

spondent was charged with perjury in the first degree, within the statutory definition of that crime.

The trial court did not err in ruling in respondent's favor, and the order appealed from is affirmed.

MAIN, HOLCOMB, MILLARD, BLAKE, GERAGHTY, and SIMPSON, JJ., concur.

STEINERT, C. J. (dissenting)—The majority opinion rests upon what I conceive to be a faulty emphasis placed upon the wording of the statute defining perjury in the first degree and upon a failure to recognize the alternative inhibitions contained in the same section.

The defendant was charged, in the amended information, with the crime of first degree perjury. It stands admitted, by the pleadings, as the majority opinion freely concedes, that the accused voluntarily appeared before a notary public to *testify* in an action pending before the superior court; that he was regularly sworn according to law; that he then and there *did testify* in answer to questions propounded by counsel; and that his *testimony* upon material matters was false, in *direct violation* of the oath which he had voluntarily taken.

In my opinion, these facts bring the case squarely ·within so much of Rem. Rev. Stat., § 2351 [P. C. § 9032], as, upon proper analysis, reads as follows:

"Every person who, in any action, proceeding, hearing, . . . in which an oath may lawfully be administered, shall swear that he will testify . . . truly, . . . and who, in such action, proceeding, hearing, . . . shall state . . . as true any material matter which he knows to be false, shall be guilty of perjury in the first degree . . ."

Applying the terms of the statute to the admitted facts in the case, we mark these facts:  The defendant appeared before a notary public in an action pending

in the superior court; an oath was lawfully administered to him; he swore that he would testify truly; and he then and there stated as true material matters which he *knew* to be false.

The fact that the testimony was given before a notary public, and not in open court, is immaterial; for, as we have declared, Rem. Rev. Stat., § 2351, must be held to apply in all cases when the alleged false oath is taken and testimony is given in or *in aid of* a judicial proceeding. *State v. Wilson,* 83 Wash. 419, 422, 145 Pac. 455; *State v. Howard,* 91 Wash. 481, 483, 158 Pac. 104.

The formality of administering an oath is not left in suspense, nor is its sanctity to be determined by the whim or caprice of the individual; for by Rem. Rev. Stat., § 1265, the witness is required to hold up his hand and solemnly swear that the evidence that he *shall give* in the issue pending shall be the truth, the whole truth, and nothing but the truth, concluding with an invocation to Deity.

Every element necessary to constitute the crime of perjury in the first degree, according to the provisions of Rem. Rev. Stat., § 2351, as above quoted, is presented by the admitted facts here. The offense was complete when the defendant, having taken the oath required by law, *knowingly testified falsely* upon a material matter.

"But the crime [perjury in the first degree], if committed, is completed when a person takes an oath and wilfully testifies as the truth that which he knows to be false." *State v. Wilson,* 83 Wash. 419, 425, 145 Pac. 455.

An escape from the consequences of his acts is afforded the defendant through what I think is an oversight or disregard by the majority of a positive inhibition of the statute and an improper emphasis placed

upon an alternative feature thereof. The majority opinion fails to recognize the fact that defendant, after taking the oath, *testified falsely,* contrary to the inhibition of the statute, and views the matter entirely from the standpoint of a deposition which, by reason of the provisions of Rem. Rev. Stat., § 2356, was incomplete.

It may be conceded that, under the terms of Rem. Rev. Stat., § 2356, the making of a deposition, certificate, or affidavit is not complete until the instrument is subscribed and sworn to or affirmed by the defendant with the intent that it be uttered or published as true. It may also be conceded that Rem. Rev. Stat., § 2351, does not penalize the making of a false deposition, certificate, or affidavit unless the same be completed as provided in Rem. Rev. Stat., § 2356. But Rem. Rev. Stat., § 2351, is not limited to the making of false depositions, certificates, and affidavits, nor does it regard testimony by deposition as of less sanctity than testimony in open court.

The statute is designed to penalize and prevent the wilful making of false *statements* under oath, in actions pending before the court, as well as the subsequent *subscription* to false statements previously made in oral testimony or in written certificates or affidavits. Subsequent *subscription* may indeed magnify the crime of giving false testimony or it may constitute a distinct offense under the statute, but lack of subscription or failure to subscribe to what was falsely stated under oath in a pending action does not secure immunity from the penalty of the statute. The intentional giving of false testimony in an action before the court is a distinct and complete offense, regardless of subsequent confirmation by subscription.

The majority opinion says that, with regard to depositions, the statute affords no more than a reasonable protection to the witness by giving him an opportunity

to read that which has been written down as his testimony, before he shall be liable to the pains and penalties of the statute. This, I concede, applies to the witness who unintentionally may have made an incorrect statement in his deposition. In such instances, his intent is to be determined by the statement which he *subscribes*. But certainly the immunity does not apply to the witness who deliberately and intentionally, as was the case here, *testifies falsely* upon a material issue in a pending action.

The distinction is clear and proper. In the former instance, the inaccuracies of his statement are revealed to the witness upon a reading of the deposition, and he may withhold his signature until the truth as he intends it is made to appear; he thereby *aids* the course of justice. But in the latter instance, he has deliberately testified to that which he then knew to be false and has thereby wilfully *obstructed* the course of justice. The situation here is not one of initially making an inaccurate or incorrect statement which a reading of the deposition would reveal, but is an instance of deliberately and intentionally giving false testimony in a solemn proceeding.

With one exception, the cases cited in the majority opinion have no bearing upon this case, for they either relate to affidavits, which, under Rem. Rev. Stat., § 2356, concededly require subscription, or else they grew out of statutes wholly different from that now under consideration. The one exception is the case of *State v. Wilson,* 83 Wash. 419, 145 Pac. 455, from which quotation has already been made above. That case, I think, is clearly an authority against the majority opinion.

Regardless of the fact that the defendant escaped the penalty of making a false deposition in that he did not subscribe it, he nonetheless, according to the ad-

mitted facts in the case, committed perjury in the first degree when, having taken a solemn oath to tell the truth, he knowingly and wilfully testified falsely upon a material matter in an action pending before the court.

I think that the order of dismissal should be reversed.

ROBINSON, J., concurs with STEINERT, C. J.